UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL ANDREW KITCHEN,

            Plaintiff,                    Case No. 1:16-cv-190

v.                                        Honorable Paul L. Maloney

RICK SNYDER, et al.,

            Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On April 20, 2016, the Court issued an opinion and order (ECF Nos. 10, 11) dismissing certain claims raised in the complaint for failure to state a claim and ordering service of others. The matter presently is before the Court on Plaintiff's Motion for Relief from Judgment & to Partially Stay Sua Sponte Dismissal Order (ECF No. 14).

        Plaintiff casts his motion as a motion for relief from judgment; however, no judgment has been entered. Under Rule 54(b) of the Federal Rules of Civil Procedure, a non-final order is subject to reconsideration at any time before entry of a final judgment. *Id.*; *see also ACLU v. McCreary Cnty.*, 607 F.3d 439, 450 (6th Cir. 2010). Western District of Michigan Local Civil Rule 7.4(a) provides that "motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted." Further, reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been misled . . . [and] that

a different disposition must result from a correction thereof." *Id.* Here, Plaintiff seeks three separate types of relief in the nature of reconsideration of the Court's April 20, 2016 order.

### A.    Request to stay proceedings

Plaintiff asks the Court to stay its dismissal of certain claims, and consequently certain Defendants, pending an anticipated amendment to his complaint that will cure any pleading deficiencies. Plaintiff has not presented a palpable defect in the Court's April 20, 2016 opinion and order that might warrant a stay. Plaintiff may proceed with his amendment either as a matter of course under FED. R. CIV. P. 15(a)(1), if it is filed within the time period provided in that subparagraph, or with consent of the opposing parties or leave of court under FED. R. CIV. P. 15(a)(2). Once the amended complaint is filed, Plaintiff may seek reconsideration of the Court's April 20, 2016 order in light of his amended pleading.

### B.    Request for relief from copy requirement

Plaintiff asks the Court to relieve him of the obligation to provide copies of the complaint for service upon the remaining Defendants by the U.S. Marshal. In support of his request, Plaintiff notes that he supplied thirteen copies of the complaint when he filed this action; therefore, he should not be required to submit additional copies now.

Plaintiff filed his complaint in the United States District Court for the Eastern District of Michigan. The proper venue for this action, however, is the Western District of Michigan. If Plaintiff filed thirteen copies in the Eastern District of Michigan, there is no confirming record in the docket of that court and the copies were not transmitted to this Court when the case was transferred here.

The instructions on the form complaint for prisoner civil rights actions from this Court, as well as the United States District Court for the Eastern District of Michigan, inform the prisoner litigant to file the original and one copy of the complaint.  The form for this Court specifically instructs the prisoner plaintiff to not submit copies of the complaint or exhibits for service until instructed to do so.  Plaintiff failed to comply with the instructions for filing his complaint.  Plaintiff has failed to identify a palpable defect in the Court's April 20, 2016 opinion and order that might warrant relief from the obligation to submit copies for service; accordingly, Plaintiff must provide copies for service as previously ordered by the Court.

C.      Request to consider retaliation claim

Plaintiff contends that the Court overlooked his retaliation claim when it reviewed his complaint as required by 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  Plaintiff stepped away from the simplified form complaint provided by the federal courts when he presented his claims.  His complaint (ECF No. 1) includes an introduction; sections titled "Jurisdiction," "Venue," and "Parties;" and then a section titled "Statement of Facts."  Plaintiff's "Statement of Facts" is organized in roughly chronological order and is separated into sections designated as counts.  Each count includes a title which Plaintiff uses to describe the type of claim to which the factual allegations relate.  By way of example, Count I is titled "Deliberate Indifference to Serious Medical Needs & Intentional Infliction of Emotional Distress."  The title of Count III includes the word retaliation and alleges that after Plaintiff indicated an intention to file a complaint against Defendant Grahn, Defendant Grahn retaliated against Plaintiff by continuing his quarantine for three more days.

After the factual allegations stated in the seven counts, however, Plaintiff includes a section titled "Statement of Claims."  (ECF No. 1, PageID.42.)  In that section Plaintiff identifies eleven causes of action.  The fifth cause of action is based on the factual allegations in Count III. Plaintiff titles the fifth cause of action "Due Process Violation and Cruel and/or Unusual Punishment."  (*Id*.)  He focuses solely on the failure to the Defendants to promulgate policies to guide discretion in making quarantine determinations, the absence of a hearing, and the conditions of quarantine.  He contends that the Defendants violated the Eighth and Fourteenth Amendments. He makes no mention of a First Amendment claim premised on Defendant Grahn's actions, not in the fifth cause of action or any other.  Where Plaintiff has so carefully defined his causes of action, the Court construed his exclusion of a First Amendment retaliation claim as intentional. Accordingly, the Court did not address a retaliation claim in its opinion.

Plaintiff's manner of presenting his claims misled the Court with regard to his intention to pursue a First Amendment retaliation claim.  Reading Plaintiff's complaint indulgently and accepting his allegations as true, as this Court must do, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), the complaint sufficiently references a retaliation claim to warrant the scrutiny required under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996).  Accordingly, the Court will reconsider the April 20, 2016 opinion and order with respect to Plaintiff's retaliation claim.

### 1.    Factual allegations

On May 29, at a time when Defendant Byrne had quarantined Plaintiff in a segregation cell,  Defendant Grahn summoned Plaintiff to the health services unit.  Defendant Grahn examined Plaintiff and informed him that the quarantine would be lifted and he would be returned

to the general prison population, but only if Plaintiff would go on "meals-in" status.[1]

Defendant Grahn cancelled all of the prescriptions ordered by the Ingham Medical Center except the prescription for Acyclovir tablets.  Plaintiff objected to the cancellation of the other prescriptions and expressed his intention to file complaints to challenge the cancellation of the prescriptions.  Defendant Grahn seemed irritated and angered by Plaintiff's expressed intention.

Plaintiff returned to the segregation cell and awaited his release to the general prison population.  The corrections officers there, however, informed Plaintiff that Defendant Grahn had "changed his mind."  Plaintiff remained in the segregation cell until the evening of June 1.  Plaintiff contends that Defendant Grahn continued the quarantine because Plaintiff expressed his intention to file a complaint regarding the cancellation of Plaintiff's prescriptions.  Plaintiff indicates that Defendant Grahn's abrupt reversal of position with regard to quarantine, almost immediately following Plaintiff's threat of filing a complaint, reveals Defendant Grahn's retaliatory motive.

2.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state

---

[1]Plaintiff would be required to eat his breakfast, lunch, and supper in his assigned quarters instead of the dining hall.

a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### 3. Plaintiff sufficiently states a claim for retaliation

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a prison grievance, as Plaintiff threatened here, is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith*, 250 F.3d at 1037; *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v.*

*Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000).  The Sixth Circuit has held

that a transfer to segregation could be sufficiently adverse.  *See Thaddeus-X*, 175 F.3d at 398; *see*

*also Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010).  Plaintiff has also alleged facts sufficient to

support his assertion that Defendant Grahn's refusal to release Plaintiff from quarantine was

motivated by Plaintiff's threat to file a complaint.  The complaint sufficiently states a First

Amendment retaliation claim to warrant service of the complaint with respect to that claim.

    An Order consistent with this Opinion will be entered.


Dated:  May 27, 2016       /s/ Paul L. Maloney
                 Paul L. Maloney
                 United States District Judge