UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. KITCHEN,

     Plaintiff,

                         Case No. 16-00190
v.                         HONORABLE PAUL L. MALONEY
                         MAG. JUDGE PHILLIP J. GREEN

RICK SNYDER, et al.,

     Defendants.

_____/

## INDEX OF EXHIBITS

Exhibit A - Plaintiff's August 23rd Request To Inspect & Copy Documents (2 pages).

Exhibit B - Defendant Corizon's and Grahn's Response to August 23rd Request to Inspect & Copy Documents (9 pages)

Exhibit C - Plaintiff's July 26th Request To Inspect Documents (3 pages)

Exhibit D - Plaintiff's Letter Dated August 23, 2016 (1 page)

Exhibit E - Defendant Grahn's and Corizon's Supplemental and (Regular) Response to Plaintiff's July 26th Request To Inspect Documents (14 pages)

Exhibit F - Plaintiff's August 23rd First Set of Interrogatories (2 pages)

Exhibit G - Defendant Grahn's and Corizon's Response to Plaintiff's August 23rd First Set of Interrogatories (6 pages)

Exhibit H - Plaintiff's Letter Dated August 1, 2016 (2 pages)

Exhibit I - 08/09/16 Email Between Attorney Brander and Corizon National Counsel (1 page)

Exhibit J - 09/06/16 Email Between Attorney Brander and Corizon National Counsel (1 page)

Exhibit K - Plaintiff's 09/12/16 Letter (1 page)

Exhibit L - Plaintiff's 09/16/16 Letter (1 page)

Exhibit M - Defendants' 09/26/16 Response Letter (1 page)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michael A. Kitchen,

     Plaintiff,

v.

Case No. 16-00190
Honorable Paul L. Maloney
Mag. Judge Phillip J. Green

Rick Snyder, et al.,

     Defendants.

_____/

### Plaintiff's Request To Inspect & Copy Documents

In accordance with Rule 34, Fed.R.Civ.P., please permit Plaintiff to inspect and, if necessary, copy the following documents and records:

#### Requests for Corizon

1. The petition filed to dissolve Correctional Medical Services (CMS) and, if applicable, Prison Health Services (PHS) filed in any court within any state inside or outside the United States of America.

2. Any and all minutes recorded at annual, special, or any other type of meeting by the board of directors, shareholders, or any other group of people and/or officers of Corizon, PHS, and CMS, including, but not limited too, minutes setting corporate policies and decisions, electing board members, conducting business on behalf of said corporations or companies, the reasons why or explaining the merger between Valitas Health Services and American Services Group, Incorporated, identifying the reasons that Corizon was incorporated, and all other corporate and other information.

3. The declaration or affidavit submitted or completed by Charles Pugh, the former site medical director in Georgia, submitted in the case of _Johnson v. Corizon Health, Inc._, Case No. 6:13-cv-1855-TC, USDC for the District of Oregon, and reviewed by District Judge Thomas M. Coffin.

4. A copy of the report, statement, record, documents, or other paper detailing the review, independent review, investigation, or inquiry conducted against CMS and/or PHS in or about 2011, or in any other year or period, whether or not conducted on behalf or at the behest of the State of Michigan, Michigan Department of Corrections (MDOC), or any of its agents, officers, employees, or any other official connected or not connected with the MDOC or Michigan that led to the cancellation of or change to the contract to provide medical services to Michigan's prisoner population, or cancellation of the relationship, between CMS and/or PHS and the MDOC or State of Michigan.

$\boxed{Ex\,H_1b_1T}$

5. A copy of the policy manual of Corizon, CMS, and PHS pertaining to the provision of medical care to prisoners, especially as it pertains to allowing prisoners access to hospitals and treating prisoners with Shingles.

## Requests for Corey Grahn

1. Any and all emails, electronic messages, or any other written communication delivered on any type of medium, electronic or otherwise, that was sent between Defendant Grahn and any of the Defendants or other health care worker or person in the health care unit at the Michigan Reformatory (RMI), or any such emails, electronic or written communication sent amongst the Defendants other than Grann and health care workers at RMI, acting on behalf or on the orders, direction, request, or interest of Grahn and/or Corizon, as well as sent between or amongst any other prison official and/or officer, agent, employee, or other person employed by or associated with Corizon and/or the MDOC, or acting to advance their interests, between the dates of May 23, 2015 to the present date pertaining to Kitchen.

2. Any and all recordings, transcripts, or the like, in addition to emails, electronic messages, or any other written or recorded communication on any type of medium, electronic or otherwise, that was sent between the medical staff at the Ionia Sparrow Hospital (ISH) and the Ingham Regional Medical Center-McLaren Greater Lansing (Ingham Medical Center) and Defendant Grahn or any of the Defendants or other health care worker or person in the health care unit at the Michigan Reformatory (RMI), or any such emails, electronic or written communication sent amongst any of the Defendants other than Grann and health care workers at RMI, acting on behalf or on the orders, direction, request, or interest of Grahn and/or Corizon, as well as sent between ISH and the Ingham Medical Center and any other prison official and/or officer, agent, employee, or other person employed by or associated with Corizon and/or the MDOC, or acting to advance their interests, between the dates of May 23, 2015 to the present date pertaining to Kitchen.

3. Any and all complaints and/or grievances filed by a prisoner or any other person in society against Defendant Grahn with Corizon, the MDOC, the American Medical Association, or any other department, state or federal agency, or entity responsible for supervising, overlooking, or in any other way keeping a watch on any registered medical personnel, or person working within the medical field.

Submitted By:

Michael A. Kitchen (189265)
Prisoner Proceeding Pro Se
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, MI 48846

Dated: August 23, 2016

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL ANDREW KITCHEN, #189265

Plaintiff,

v.

RICK SYNDER et al.

Defendants.

Case No: 1:16-CV-00190
District Judge: Paul L. Maloney
Magistrate Judge: Phillip J. Green

---

MICHAEL ANDREW KITCHEN, #189265
Bellamy Creek (MSP)
Bellamy Creek Correctional Center
1727 W. Bluewater Hwy.
Ionia, MI 48846
*Pro Se Plaintiff*

MICHIGAN DEPT OF ATTORNEY GENERAL
CIVIL LITIGATION, EMPLOYMENT & ELECTIONS
Allan J. Soros (P43702)
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
sorosa@michigan.gov

CHAPMAN LAW GROUP
Ronald W. Chapman, Esq., M.P.A.,
LL.M. (P37603)
Attorney for Defendants Corizon
Health, Inc. and Corey Grahn
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com

---

## DEFENDANTS COREY GRAHN AND CORIZON HEALTH, INC.'S RESPONSE TO PLAINTIFF'S REQUEST TO INSPECT AND COPY DOCUMENTS DATED AUGUST 23, 2016

NOW COME Defendants, COREY GRAHN and CORIZON HEALTH, INC. ("Medical

Defendants"), by and through their attorneys, CHAPMAN LAW GROUP, and file their

Response to Plaintiff's Request to Inspect & Copy Documents dated August 23, 2016 as follows:

**Requests for Corizon**

1. The petition filed to dissolve Correctional Medical Services (CMS) and, if applicable,

   Prison Health Services (PHS) filed in any court within any state inside or outside the

   United States of America.

*Exhibit 2*

**RESPONSE:**

**Plaintiff has exceeded the number of requests authorized by the CMO and has sought to compel Corizon for the July 26, 2016, Discovery Requests. Defendant reserves all objections until the Court makes a determination on the status of discovery in this case.**

2. Any and all minutes recorded at annual, special, or any other type of meeting by the board of directors, shareholders, or any other group of people and/or officers of Corizon, PHS, and CMS, including, but not limited too, minutes setting corporate policies and decisions, electing board members, conducting business on behalf of said corporations or companies, the reasons why or explaining the merger between Valitas Health Services and American Services Group, Incorporated, identifying the reasons that Corizon was incorporated, and all other corporate and other information.

**RESPONSE:**

**Plaintiff has exceeded the number of requests authorized by the CMO and has sought to compel Corizon for the July 26, 2016, Discovery Requests. Defendant reserves all objections until the Court makes a determination on the status of discovery in this case.**

3. The declaration or affidavit submitted or completed by Charles Pugh, the former site medical director in Georgia, submitted in case of <u>Johnson v. Corizon Health, Inc.</u>, Case No. 6:13-cv-1855-TC, USDC for the District of Oregon, and reviewed by District Judge Thomas M. Coffin.

**RESPONSE:**

**Plaintiff has exceeded the number of requests authorized by the CMO and has sought to compel Corizon for the July 26, 2016, Discovery Requests. Defendant reserves all objections until the Court makes a determination on the status of discovery in this case.**

4. A copy of the report, statement, record, document, or other paper detailing the review, independent review, investigation, or inquiry conducted against CMS and/or PHS in

2

or about 2011, or in any other year or period, whether or not conducted on behalf or

at the behest of the State of Michigan, Michigan Department of Corrections (MDOC),

or any of its agents, officers, employees, or any other official connected or not

connected with the MDOC or Michigan that led to the cancellation of or change to

the contract to provide medical services to Michigan's prisoner population, or

cancellation of the relationship, between CMS and/or PHS and the MDOC or State of

Michigan.

**RESPONSE:**

**Plaintiff has exceeded the number of requests authorized by the CMO and has sought to compel Corizon for the July 26, 2016, Discovery Requests. Defendant reserves all objections until the Court makes a determination on the status of discovery in this case.**

5. A copy of the policy manual of Corizon, CMS, and PHS pertaining to the provision

of medical care to prisoners, especially as it pertains to allowing prisoners access to

hospitals and treating prisoners with Shingles.

**RESPONSE:**

**Plaintiff has exceeded the number of requests authorized by the CMO and has sought to compel Corizon for the July 26, 2016, Discovery Requests. Defendant reserves all objections until the Court makes a determination on the status of discovery in this case.**

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: September 21, 2016

Ronald W. Chapman, Esq., M.P.A.,
LL.M. (P37603)
Attorney for Defendants Corizon Health, Inc.
and Corey Grahn
1141 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com

3

**PROOF OF SERVICE**

I certify that this document was served upon all attorneys of record at their respective addresses of record, and to Michael Andrew Kitchen, Bellamy Creek Correctional Facility, 1727 W. Bluewater Highway, Ionia, MI  48846, as listed on this 21st day of September, 2016, by means of:

X U.S. Mail   ☐ Hand Delivery
☐ Facsimile  ☐ _____ ____

_Melissa Wright_
MELISSA WRIGHT

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHAEL ANDREW KITCHEN, #189265

Plaintiff,

v.

RICK SYNDER et al.

Defendants.

Case No: 1:16-CV-00190
District Judge: Paul L. Maloney
Magistrate Judge: Phillip J. Green

| | |
|---|---|
| MICHAEL ANDREW KITCHEN, #189265<br>Bellamy Creek (MSP)<br>Bellamy Creek Correctional Center<br>1727 W. Bluewater Hwy.<br>Ionia, MI 48846<br>*Pro Se Plaintiff* | CHAPMAN LAW GROUP<br>Ronald W. Chapman, Esq., M.P.A.,<br>LL.M. (P37603)<br>Attorney for Defendants Corizon<br>Health, Inc. and Corey Grahn<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com |
| MICHIGAN DEPT OF ATTORNEY GENERAL<br>CIVIL LITIGATION, EMPLOYMENT & ELECTIONS<br>Allan J. Soros (P43702)<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 373-6434<br>sorosa@michigan.gov | |

### DEFENDANT COREY GRAHN'S RESPONSE TO PLAINTIFF'S
### REQUEST TO INSPECT AND COPY DOCUMENTS

**NOW COMES** Defendant, COREY GRAHN ("Defendant"), by and through his

attorneys, CHAPMAN LAW GROUP, and his Response to Plaintiff's Request to Inspect and

Copy Documents as follows:

### Requests for Corey Grahn

1. Any and all emails, electronic messages, or any other written communication delivered

   on any type of medium, electronic or otherwise, that was sent between Defendant Grahn

   and any of the Defendants or other health care worker or person in the health care unit at

the Michigan Reformatory (RMI), or any such emails, electronic or written communication sent amongst the Defendants other than Grahn and health care workers at RMI, acting on behalf or on the orders, direction, request, or interest of Grahn and/or Corizon, as well as sent between or amongst any other prison official and/or officer, agent, employee, or other person employed by or associated with Corizon and/or the MDOC, or acting to advance their interests, between the dates of May 23, 2015 to the present date pertaining to Kitchen.

**RESPONSE**:

Defendant Corey Grahn ("Grahn") objects to Request No. 1 on the following grounds.

First, by Grahn's reading, Request No. 1 applies to not only Grahn, but to communications "electronic or written sent amongst the Defendants other than Grahn." Counsel represents Grahn and Corizon Health, Inc. only. Counsel cannot respond on behalf of any other named parties in this suit. In addition, Plaintiff has already exhausted his Requests concerning Corizon Health, Inc.; therefore, no further response will be provided on behalf of that entity.

Second, Grahn does not have access to or the ability to search email maintained by the MDOC beyond Grahn himself. Grahn conducted a search of his email as set forward in Response to Request No. 12 of Defendant Corey Grahn and Corizon Health, Inc.'s Response to Plaintiff's Request to Inspect Documents and the supplement thereto. This information has been provided.

Third, the written documentation Grahn currently has in custody concerning Kitchen is protected by the attorney-client and work product privileges. All non-privileged documentation of which Grahn is aware is in Plaintiff's medical record as held by the MDOC. Grahn cannot respond regarding what documents other defendants in this suit may or may not have.

Fourth, Grahn objects to this production of documents as unduly burdensome and not proportional to the needs of this suit in light of its facts and circumstances pursuant to Federal Rule of Civil Procedure 26. As set forward in Rule 26, the information is not ready accessible because of undue burden or cost. Plaintiff has refused to limit the number of custodians for his request which would force an electronic search of all employees onsite at his facilities, at the regional office, and at the corporate office without limitation.

Fifth, Grahn will not produce documents without pre-payment of the costs of copies at $.10 per page. *Johnson v. Hubbard*, 698 F.2d 286 (6th Cir. 1983); and *Smith v. Yarrow*, 78 Fed. Appx. 529 (6th Cir. 2003).

2

Sixth, Grahn objects to this Request for Production as he has already provided a response to Request for Production No. 12, Defendants Corey Grahn and Corizon Health Inc., Response to Plaintiff's Request to Inspect Documents and the supplement to Request No. 12.

2. Any and all recordings, transcripts, or the like, in addition to emails, electronic messages, or any other written or recorded communication on any type of medium, electronic or otherwise, that was sent between the medical staff at the Ionia Sparrow Hospital (ISH) and the Ingham Regional Medical Center-McLaren Greater Lansing (Ingham Medical Center) and Defendant Grahn or any of the Defendants or other health care worker or person in the health care unit at the Michigan Reformatory (RMI), or any such emails, electronic or written communication sent amongst any of the Defendants other than Grahn and health care workers at RMI, acting on behalf or on the orders, direction, request, or interest of Grahn and/or Corizon, as well as sent between ISH and the Ingham Medical Center and any other prison official and/or officer, agent, employee, or other person employed by or associated with Corizon and/or the MDOC, or acting to advance their interests, between the dates of May 23, 2015 to the present date pertaining to Kitchen.

**RESPONSE**:

Grahn objects to Request No. 2 on a multitude of grounds.

First, by Grahn's reading, Request No. 2 applies to not only Grahn, but to communications involving any of the defendants. Counsel represents Grahn and Corizon Health, Inc. only. Counsel cannot respond on behalf of any other named defendants in this suit. In addition, Plaintiff has already exhausted his requests concerning Corizon Health, Inc.; therefore, no further respond will be provided on behalf of that entity.

Second, Grahn does not have access to or the ability to search email or documents maintained by the MDOC or MDOC officials beyond what Grahn himself. Grahn conducted a search of his email as set forward in Response to Request No. 12 of Defendant Corey Grahn and Corizon Health, Inc.'s Response to Plaintiff's Request to Inspect Documents and the supplement thereto. Grahn specifically searched for any emails involving Kitchen.

3

Third, the written documentation Grahn currently has custody or control over concerning Kitchen is protected by the attorney-client and work product privileges. All non-privileged documentation of which Grahn is aware is in Plaintiff's medical record as held by the MDOC. Grahn has no other non-privileged documents responsive to this request. Grahn cannot respond regarding what documents other defendants in this suit may or may not have.

Fourth, Grahn objects to this production of documents as unduly burdensome and not proportional to the needs of this suit in light of its facts and circumstances pursuant to Federal Rule of Civil Procedure 26. As set forward in Rule 26, this information is not ready accessible because of undue burden or cost. Plaintiff has refused to limit the number of custodians for his request which would force an electronic search of all employees onsite at his facilities, at the regional office, and at the corporate office without limitation.

Fifth, Grahn will not produce documents without pre-payment of the costs of all copies at $.10 per page. *Johnson v. Hubbard*, 698 F.2d 286 (6th Cir. 1983); and *Smith v. Yarrow*, 78 Fed. Appx. 529 (6th Cir. 2003).

3.  Any and all complaints and/or grievances filed by a prisoner or any other person in

    society against Defendant Grahn with Corizon, the MDOC, the American Medical

    Association, or any other department, state or federal agency, or entity responsible for

    supervising, overlooking, or in any other way keeping a watch on any registered medical

    personnel, or person working within the medical field.

**RESPONSE**:

Grahn objects to this request on the following grounds.

First, Plaintiff's request is unduly burdensome, seeks irrelevant evidence, and is beyond the scope of discovery as set forth in Federal Rule of Civil Procedure 26. Plaintiff places no limits on whether the complaints or grievances have any validity or legitimacy. Complaints ultimately dismissed as having no foundation are both irrelevant to Plaintiff's claims and highly prejudicial to Grahn.

Second, any complaints and grievances that contain the personally identifiable medical information of non-parties to this suit and, therefore, are not subject to disclosure under state or federal law, including HIPAA.

Third, Grahn does not have custody and control over the grievance records maintained by the MDOC and, therefore, cannot search those files to determine whether any of the matters grieved name Grahn. In addition, the necessary search to locate such grievances, without limitation of scope, would be highly burdensome and beyond the scope of discovery.

4

Fourth, Grahn asserts the Michigan peer review statute as a privilege for any complaints that were addressed through that process.

Subject to these objections and without waiving the same, Grahn is not aware of any complaint being filed against him with "the American Medical Association, or any other department, state or federal agency, or entity responsible for supervising, overlooking, or in any other way keeping a watch on any registered medical personnel, or person working within the medical field." One anonymous complaint, without substance or facts was filed with Michigan Licensing and Regulatory Affairs. Grahn has none of the records in his custody and control and the case was dismissed as meritless.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: September 21, 2016

_(w/ Perm)_

Ronald W. Chapman, Esq., M.P.A.,
LL.M. (P37603)
Attorney for Defendants Corizon Health, Inc.
and Corey Grahn
1141 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com

## PROOF OF SERVICE

I certify that this document was served upon all attorneys of record at their respective addresses of record, and to Michael Andrew Kitchen, Bellamy Creek Correctional Facility, 1727 W. Bluewater Highway, Ionia, MI 48846, as listed on this 21 st day of September, 2016, by means of:

X U.S. Mail    ☐ Hand Delivery
☐ Facsimile    ☐ _____

Melisse Wright

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michael A. Kitchen,

     Plaintiff,

                                Case No. 16-00190
v.                                Honorable Paul L. Maloney
                                Mag. Judge Phillip J. Green

Rick Snyder, et al.,

     Defendants.               **PLAINTIFF'S DISCOVERY REQUESTS**

_____/

## PLAINTIFF'S REQUEST TO INSPECT DOCUMENTS

In accordance with Rule 34, Fed.R.Civ.P.,, please permit Plaintiff to inspect and, if necessary, copy the following documents and records.

1. Any and all financial and/or bank statements and/or records depicting the years that Prison Health Services (PHS), Correctional Medical Services (CMS), and, if applicable, Corizon began to experience financial problems and detailing what those financial problems were, as well as any and all financial statements and/or records depicting the years that the spending and debt increased for the aforesaid companies or corporations, and when the profits for each stopped coming in.

2. Any and all books, papers, records, documents, and/or the like depicting the identity and locations of any and all lenders and principal lenders of Corizon, PHS, and CMS.

3. Any and all documents, plans, or the like adopted by the incorporators, shareholders, and/or owners at any annual, special, or other type of meeting that explained the mode of operation for Cobizon, CMS, and PHS, in addition to explaining whether the earnings of each aforesaid company or corporation are or were distributed on the basis of, or in proportion to, the value of property bought from or sold to shareholders and/or members or other persons.

4. The by-laws of Corizon, PHS, and CMS.

5. The petition filed to dissolve CMS and, if applicable, PHS filed in any court inside or outside the United States of America.

6. Any and all minutes recorded at annual, special, or any other type of meeting by the board of directors, shareholders, or any other group of people and/or officers of Corizon, PHS, and CMS, including, but not limited too, minutes setting corporate policies and decisions, electing board members, conducting business on behalf of said corporations or companies, etc.

$Exhibit$
$C$

7. The contract(s) that CMS and/or PHS signed with Michigan, as well as records and/or documents showing when, why, and the reason that such contact9s) were cancelled.

8. A copy of the report, statement, record, document, or other paper detailing the review or independent review conducted against CMS and/or PHS in or about 2011 on behalf or at the behest of the State of Michigan, Michigan Department of Corrections (MDOC), or any of its agents, officers, employees, or any other official that led to the cancellation of or change to the contract to provide medical services to Michigan's prisoner population, or cancellation of the relationship, between CMS and/or PHS and the MDOC or State of Michigan.

9. A copy of the policy manual for or of Corizon, CMS, and PHS pertaining to the provision of medical care to prisoners.

10. A copy of the Articles of Incorporation filed by Corizon, CMS, and PHS.

11. Any and all documents, records, reports, minutes of meetings, or other paper depicting the reason why or explaining the merger between Valitas Health Services, Incorporated and America Services Group, Incorporated.

12. Any and all emails, electronic messages, or any other written communication delivered on any type of medium, electronic or otherwise, sent between any of the Defendants, medical personnel, prison official, and/or any officer, agent, employee, or other person employed by or associated with Corizon and/or the MDOC pertaining to Plaintiff Kitchen between the dates of May 23, 2015 to the present date.

13. A copy of the Declaration or Affidavit submitted or completed by Charles Pugh, the former site medical director in Georgia, submitted in the case of Johnson, et al v. Corizon Health, Inc., et al, Case #6:13-cv-1855-TC, USDC for the District of Oregon, and reviewed by District Judge Thomas M. Coffin.

14. A copy of any and all recordings, transcripts, or the like, in addition to emails, electronic messages, or any other written or recorded communications on any type of medium, electronic or otherwise, that was sent between any of the Defendants, medical personnel, prison official, and/or any officer, agent, employee, or other person employed by or associated with Corizon and/or the MDOC and the medical staff at the Ionia Sparrow Hospital and the Ingham Regional Medical Center-McLaren Greater Lansing between the dates of May 23, 2015 and December 31, 2015 pertaining to Kitchen.

15. To inspect the hard drive or any other medium or electronic device that recorded any and all materials that were reviewed or looked at on any and all computers or computer terminals located in the Health Services Unit at the Michigan Reformatory on May 22, 2015, between the times of 0600 and 1200, during the early morning hours when Plaintiff visited Health Services following the cell-side examination by Nurse Sheldon.

16.  Copies of any and all minutes recorded at any and all meetings held by
     the board of directions, shareholders, and any official of CMS and
     Corizon.

Submitted by:

Michael A. Kitchen (#189265)
Prisoner Proceeding Pro Se
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, MI  48846

Dated: July 26, 2016

Michael A. Kitchen (#189265)
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, MI 48846

August 23, 2016

Ronald W. Chapman, Attorney
CHAPMAN LAW GROUP
1441 West Long Lake Rd., Ste. 310
Troy, Michigan 48098

      Re: <u>Kitchen v. Snyder, et al</u>
           Case No. 16-00190

Dear Mr. Chapman:

Please find enclosed my Request to Inspect & Copy Documents and First Set of Interrogatories. Please also disregard my discovery requests dated July 26, 2016. After reviewing those requests again, I have decided that they may violate the Court's Case Management Order. So, please accept the enclosed as substitutes.

In addition to the above, I also received your letter dated August 10th about my offer to settle this matter. I appreciate your response. However, I am confused about us not being able to reach a compromise, especially since I am willing to pay Corizon for the medication that I am seeking, like the "rescue inhaler", for example.

Anyway, please contact me or Mr. Ken Brander if you guys change your mind. I totally trust Mr. Brander. Twenty years ago we became friends when the late District Judge Douglas W. Hillman appointed him to help me settle two other lawsuits. So, I have great confidence in him.

Very truly yours,

Michael A. Kitchen

mk
enclosures
cc: Alexia R. Roney
    (w/o enclosures)

EXHIBIT

## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MICHAEL ANDREW KITCHEN, #189265

       Plaintiff,

v.

RICK SYNDER et al.

       Defendants.

Case No: 1:16-CV-00190
District Judge: Paul L. Maloney
Magistrate Judge: Phillip J. Green

---

| | |
|---|---|
| MICHAEL ANDREW KITCHEN, #189265<br>Bellamy Creek (MSP)<br>Bellamy Creek Correctional Center<br>1727 W. Bluewater Hwy.<br>Ionia, MI 48846<br>*Pro Se Plaintiff*<br><br>MICHIGAN DEPT OF ATTORNEY GENERAL<br>CIVIL LITIGATION, EMPLOYMENT & ELECTIONS<br>Allan J. Soros (P43702)<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 373-6434<br>sorosa@michigan.gov | CHAPMAN LAW GROUP<br>Ronald W. Chapman (P37603)<br>Attorney for Defendants Corizon<br>Health, Inc. and Corey Grahn<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com |

---

## DEFENDANTS COREY GRAHN AND CORIZON HEALTH, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S REQUEST TO INSPECT DOCUMENTS

    NOW COME Defendants, COREY GRAHN, and CORIZON HEALTH, INC. ("Medical Defendants"), by and through their attorneys, CHAPMAN LAW GROUP, and file their Supplemental Response to Plaintiff's Request to Inspect Documents as follows:

    12. Any and all emails, electronic messages, or any other written communication delivered on any type of medium, electronic or otherwise, sent between any of the Defendants, medical personnel, prison official, and/or any officer, agent, employee, or other person employed by or associated with Corizon and/or the

*EXHIBIT*

MDOC pertaining to Plaintiff Kitchen between the dates of May 23, 2015, to present date.

**RESPONSE**:

Defendant objects to this production of documents as unduly burdensome, and not proportional to the needs of this suit in light of its facts and circumstances pursuant to Federal Rule of Civil Procedure 26. As set forward in Rule 26, this information is not ready accessible because of undue burden or cost. Plaintiff has refused to limit the number of custodians for his request which would force an electronic search of all employees onsite at his facilities, at the regional office, and at the corporate office without minimum. This is grossly burdensome, specifically in light of the fact that there is no indication that any other provider, beyond Mr. Grahn, was involved in the provision of Plaintiff's medical care concerning shingles that forms the basis of this suit.

Subject to this objection and without waiving the same, Defendants agreed to conduct a search of Mr. Grahn's corporate email from May 23, 2015, to August 19, 2016. Defendant objects to the production of any attorney-client communications between counsel and Mr. Grahn pertaining to this lawsuit and will not produce such information. Corizon will produce copies of the non-privileged emails at $.10 per page. *Johnson v. Hubbard*, 698 F.2d 286 (6th Cir. 1983); and *Smith v. Yarrow*, 78 Fed. Appx. 529 (6th Cir. 2003).

In the date range identified above, two emails were located from Mr. Grahn to Dr. Borgerding, dated June 4, 2015, and June 23, 2015, respectively. These emails appear to be off formulary requests for medication and can only be reviewed within the EMR. Plaintiff has not provided Defendant authorization to access his medical record for purposes of this litigation. Upon receipt of a MDOC authorization to access Plaintiff's medical record, Defendants will provide copies of these two documents without prepayment of costs.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: September 1, 2016

Ronald W. Chapman (P37603)
Attorney for Defendants Corizon Health, Inc.
and Corey Grahn
1141 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com

2

## PROOF OF SERVICE

I certify that this document was served upon all attorneys of record at their respective addresses of record, and to Michael Andrew Kitchen, Bellamy Creek Correctional Facility, 1727 W. Bluewater Highway, Ionia, MI 48846, as listed on this 1st day of September, 2016, by means of:

<div align="center">

X U.S. Mail ☐ Hand Delivery

☐ Facsimile ☐ _____

</div>

_Melissa Wright_
MELISSA WRIGHT

3

537040v.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHAEL ANDREW KITCHEN, #189265

Plaintiff,

Case No: 1:16-CV-00190
District Judge: Paul L. Maloney
Magistrate Judge: Phillip J. Green

v.

RICK SYNDER et al.

Defendants.

| | |
|---|---|
| MICHAEL ANDREW KITCHEN, #189265 | CHAPMAN LAW GROUP |
| Bellamy Creek (MSP) | Ronald W. Chapman (P37603) |
| Bellamy Creek Correctional Center | Attorney for Defendants Corizon |
| 1727 W. Bluewater Hwy. | Health, Inc. and Corey Grahn |
| Ionia, MI 48846 | 1441 West Long Lake Rd., Suite 310 |
| *Pro Se Plaintiff* | Troy, MI 48098 |
| | (248) 644-6326 |
| MICHIGAN DEPT OF ATTORNEY GENERAL | rchapman@chapmanlawgroup.com |
| CIVIL LITIGATION, EMPLOYMENT & ELECTIONS | |
| Allan J. Soros (P43702) | |
| P.O. Box 30736 | |
| Lansing, MI 48909 | |
| (517) 373-6434 | |
| sorosa@michigan.gov | |

### DEFENDANTS COREY GRAHN AND CORIZON HEALTH, INC.'S
### RESPONSE TO PLAINTIFF'S REQUEST TO INSPECT DOCUMENTS

NOW COME Defendants, COREY GRAHN, and CORIZON HEALTH, INC. ("Medical

Defendants"), by and through their attorneys, CHAPMAN LAW GROUP, and file their

Response to Plaintiff's Request to Inspect Documents as follows:

1. Any and all financial and/or bank statements and/or records depicting the years that

Prison Health Services (PHS), Correctional Medical Services (CMS), and if

applicable, Corizon began to experience financial problems and detailing what thos

financial problems were, as well as any and all financial statements and/or records

depicting the years that the spending and debt increased for the aforesaid companies

or corporations, and when the profits for each stopped coming in.

**RESPONSE**:

Defendants have sought a stay of discovery concerning these discovery requests. In addition, Defendants object to this production of documents as irrelevant, unduly burdensome, beyond the scope of discovery and not proportional to the needs of this suit in light of its facts and circumstances pursuant to Federal Rule of Civil Procedure 26. This suit concerns whether Plaintiff was denied prompt treatment for a shingles infection and whether he was inappropriately quarantined after returning to his facility in May of 2015. The entity PHS did not exist on May 2015 and was not involved in the care rendered Plaintiff. CMS is not the predecessor company to Corizon Health. The entity CMS no longer exists has not rendered care to inmates incarcerated in the MDOC since 2009. CMS has not been sued in this matter. Corizon Health will not respond on behalf of a non-party. In regard to Corizon Health, Plaintiff's requests are abusive, burdensome, and beyond the scope of discovery in this suit. The extensive financial information that Plaintiff seeks is voluminous, sensitive and non-public, remarkably burdensome to produce, would number in the thousands of documents, is not limited in time or scope, and is not limited to the specific claims of this case, which is that a Corizon policy led to Grahn's alleged omissions. Plaintiff's vague allegation that "cost" motivated Corizon is insufficient to engage in a fishing expedition into all of Corizon's finances. In addition, Corizon will not produce documents without pre-payment of the costs of all copies at $.10 per page. *Johnson v. Hubbard*, 698 F.2d 286 (6th Cir. 1983); and *Smith v. Yarrow*, 78 Fed. Appx. 529 (6th Cir. 2003).

2. Any and all books, papers, records, documents, and/or the like depicting the identity

and locations of any and all lenders and principal lenders of Corizon, PHS, and CMS.

**RESPONSE**:

Defendants have sought a stay of discovery concerning these discovery requests. Defendants object to this production of documents as irrelevant, unduly burdensome, beyond the scope of discovery and not proportional to the needs of this suit in light of its facts and circumstances pursuant to Federal Rule of Civil Procedure 26. This suit concerns whether Plaintiff was denied prompt treatment for a shingles infection and whether he was inappropriately quarantined after returning to his facility in May of 2015. The entity PHS did not exist on May 2015 and was not involved in the care rendered Plaintiff. CMS is not the predecessor company to Corizon Health. CMS no longer exists and has not rendered care to inmates incarcerated in the MDOC since 2009. CMS has not been sued in this matter. Corizon Health will not respond on behalf of a non-party. In regard to Corizon Health, Plaintiff's requests are abusive, burdensome, and beyond the scope of discovery in this suit. All claims against the shareholders and officers of Corizon have been dismissed with this suit. The extensive financial

2

information that Plaintiff seeks is voluminous, sensitive and non-public, remarkably burdensome to produce, would number in the thousands of documents, is not limited in time or scope, and is not limited to the specific claims of this case, which is that a Corizon policy led to Grahn's alleged omissions. The identity of Corizon's lenders is irrelevant to Plaintiff's claims. Plaintiff's vague allegation that "cost" motivated Corizon is insufficient to engage in a fishing expedition into all of Corizon's finances. In addition, Corizon will not produce documents without prepayment of the costs of all copies at $.10 per page. *Johnson v. Hubbard*, 698 F.2d 286 (6th Cir. 1983); and *Smith v. Yarrow*, 78 Fed. Appx. 529 (6th Cir. 2003).

3. Any and all documents, plans, or the like adopted by the incorporaters, shareholders,

and/or owners at any annual, special, or other type of meeting that explained the

mode of operation for Corizon, CMS, and PHS, in addition to explaining whether the

earnings of each aforesaid company or corporation are or were distributed on the

basis of, or in proportion to, the value of property bought from or sold to shareholders

and/or members of other persons.

**RESPONSE**:

Defendants have sought a stay of discovery concerning these discovery requests. Defendants object to this production of documents as irrelevant, unduly burdensome, beyond the scope of discovery and not proportional to the needs of this suit in light of its facts and circumstances pursuant to Federal Rule of Civil Procedure 26. This suit concerns whether Plaintiff was denied prompt treatment for a shingles infection and whether he was inappropriately quarantined after returning to his facility in May of 2015. The entity PHS did not exist on May 2015 and was not involved in the care rendered Plaintiff. CMS is not the predecessor company to Corizon Health. The entity CMS no longer exists and has not rendered care to inmates incarcerated in the MDOC since 2009. CMS has not been sued in this matter. Corizon Health will not respond on behalf of a non-party. In regard to Corizon Health, Plaintiff's requests are abusive, burdensome, and beyond the scope of discovery in this suit. All claims against the shareholders and officers of Corizon have been dismissed with this suit. The extensive financial information that Plaintiff seeks is voluminous, sensitive and non-public, remarkably burdensome to produce, would number in the thousands of documents, is not limited in time or scope, and is not limited to the specific claims of this case, which is that a Corizon policy led to Grahn's alleged omissions. The "mode of operation" of Corizon or its distribution of profits and assets are irrelevant to the claims in this case. Plaintiff's vague allegation that "cost" motivated Corizon is insufficient to engage in a fishing expedition into all of Corizon's finances. In addition, Corizon will not produce documents without pre-payment of the costs of all copies at $.10 per page. *Johnson v. Hubbard*, 698 F.2d 286 (6th Cir. 1983); and *Smith v. Yarrow*, 78 Fed. Appx. 529 (6th Cir. 2003).

4. The by-laws of Corizon, PHS, and CMS.

**RESPONSE**:

Defendants have sought a stay of discovery concerning these discovery requests. Defendants object to this production of documents as irrelevant, unduly burdensome, beyond the scope of discovery and not proportional to the needs of this suit in light of its facts and circumstances pursuant to Federal Rule of Civil Procedure 26. This suit concerns whether Plaintiff was denied prompt treatment for a shingles infection and whether he was inappropriately quarantined after returning to his facility in May of 2015. The entity PHS did not exist on May 2015 and was not involved in the care rendered Plaintiff. CMS is not the predecessor company to Corizon Health. CMS no longer exists and has not rendered care to inmates incarcerated in the MDOC since 2009. CMS has not been sued in this matter. Corizon Health will not respond on behalf of a non-party. In regard to Corizon Health, Plaintiff's requests are abusive, burdensome, and beyond the scope of discovery in this suit. The bylaws are in no way applicable or relevant to the specific provision of medical care regarding shingles to Plaintiff. In addition, Corizon will not produce documents without pre-payment of the costs of all copies at $.10 per page. *Johnson v. Hubbard*, 698 F.2d 286 (6th Cir. 1983); and *Smith v. Yarrow*, 78 Fed. Appx. 529 (6th Cir. 2003).

5. The petition filed to dissolve CMS and, if applicable, PHS filed in any court inside or

outside the United States of America.

**RESPONSE**:

Defendants have sought a stay of discovery concerning these discovery requests. Defendants object to this production of documents as irrelevant, unduly burdensome, beyond the scope of discovery and not proportional to the needs of this suit in light of its facts and circumstances pursuant to Federal Rule of Civil Procedure 26. This suit concerns whether Plaintiff was denied prompt treatment for a shingles infection and whether he was inappropriately quarantined after returning to his facility in May of 2015. The entity PHS did not exist on May 2015 and was not involved in the care rendered Plaintiff. CMS is not the predecessor company to Corizon Health. The entity CMS no longer exists and has not rendered care to inmates incarcerated in the MDOC since 2009. Any petition dissolving those entities is irrelevant to Plaintiff's claims in this matter. In addition, Corizon will not produce documents without pre-payment of the costs of all copies at $.10 per page. *Johnson v. Hubbard*, 698 F.2d 286 (6th Cir. 1983); and *Smith v. Yarrow*, 78 Fed. Appx. 529 (6th Cir. 2003).

6. Any and all minutes recorded at annual, special, or any other type of meeting by the

board of directors, shareholders, or any other group of people and/or officers of

Corizon, PHS and CMS, including, but not limited to, minutes setting corporate

4

· policies and decisions, electing board members, conducting business on behalf of said

corporations or companies, etc.

**RESPONSE**:

Defendants have sought a stay of discovery concerning these discovery requests. Defendants object to this production of documents as irrelevant, unduly burdensome, beyond the scope of discovery and not proportional to the needs of this suit in light of its facts and circumstances pursuant to Federal Rule of Civil Procedure 26. This suit concerns whether Plaintiff was denied prompt treatment for a shingles infection and whether he was inappropriately quarantined after returning to his facility in May of 2015. The entity PHS did not exist in May 2015 and was not involved in the care rendered Plaintiff. CMS is not the predecessor company to Corizon Health. CMS no longer exists and has not rendered care to inmates incarcerated in the MDOC since 2009. CMS has not been sued in this matter. Corizon Health will not respond on behalf of a non-party. In regard to Corizon Health, Plaintiff's requests are abusive, burdensome, and beyond the scope of discovery in this suit. All claims against the shareholders and officers of Corizon have been dismissed with this suit. The extensive financial information that Plaintiff seeks is voluminous, sensitive and non-public, remarkably burdensome to produce, would number in the thousands of documents, is not limited in time or scope, and is not limited to the specific claims of this case, which is that a Corizon policy led to Grahn's alleged omissions. The "mode of operation" of Corizon or its distribution of profits and assets are irrelevant to the claims in this case. Plaintiff's vague allegation that "cost" motivated Corizon is insufficient to engage in a fishing expedition into all of Corizon's corporate records without limitation. In addition, Corizon will not produce documents without pre-payment of the costs of all copies at $.10 per page. *Johnson v. Hubbard*, 698 F.2d 286 (6th Cir. 1983); and *Smith v. Yarrow*, 78 Fed. Appx. 529 (6th Cir. 2003).

7. The contract(s) that CMS and/or PHS signed with Michigan, as well as records and/or

documents showing when, why, and the reason that such contract(s) were cancelled.

**RESPONSE**:

Defendants have sought a stay of discovery concerning these discovery requests. Defendants have sought a stay of discovery concerning these discovery requests. Defendants object to this production of documents as irrelevant, unduly burdensome, beyond the scope of discovery and not proportional to the needs of this suit in light of its facts and circumstances pursuant to Federal Rule of Civil Procedure 26. This suit concerns whether Plaintiff was denied prompt treatment for a shingles infection and whether he was inappropriately quarantined after returning to his facility in May of 2015. The entity PHS did not exist on May 2015 and was not involve d in the care rendered Plaintiff. CMS is not the predecessor company to Corizon Health. The entity CMS no longer exists and has not rendered care to inmates incarcerated in the MDOC since 2009. Defendants have sought a stay of discovery concerning these discovery requests. In

5

regard to PHS, the contact with Michigan was not cancelled. In regard to Corizon, the contract with Michigan was not cancelled. None of the contracts are relevant to Plaintiff's claims. He has asserted a claim of deliberate indifference, not third party breach of contract. Furthermore, Plaintiff will need to pre-pay the costs of all copies at $.10 per page. *Johnson v. Hubbard*, 698 F.2d 286 (6th Cir. 1983); and *Smith v. Yarrow*, 78 Fed. Appx. 529 (6th Cir. 2003).

8. A copy of the report, statement, record, document, or other paper detailing the review

or independent review conducted against CMS and/or PHS in or about 2011 on behalf

or at least behest of the State of Michigan, Michigan Department of Corrections

(MDOC), or any of its agents, officers, employees, or any other official that led to the

cancellation of or change to the contract to provide medical services to Michigan's

prisoner population, or cancellation of the relationship, between CMS and/or PHS

and the MDOC of State of Michigan.

## RESPONSE:

Defendants have sought a stay of discovery concerning these discovery requests. Defendants object to this production of documents as irrelevant, unduly burdensome, beyond the scope of discovery and not proportional to the needs of this suit in light of its facts and circumstances pursuant to Federal Rule of Civil Procedure 26. This suit concerns whether Plaintiff was denied prompt treatment for a shingles infection and whether he was inappropriately quarantined after returning to his facility in May of 2015 when Corizon was present and provided medical services. It does not concern the cancellation of any contracts in 2011, CMS, or PHS. The entity PHS did not exist on May 2015 and was not involved in the care rendered Plaintiff. CMS is not the predecessor company to Corizon Health. CMS has not rendered care to inmates incarcerated in the MDOC since 2009. CMS has not been sued in this matter. Corizon Health will not respond on behalf of a non-party. In regard to PHS, the contact with Michigan was not cancelled. The information Plaintiff seeks is highly sensitive, highly burdensome, and far beyond the needs of this specific suit. The question is whether Corizon has a policy, procedure or custom that led to the inadequate medical treatment of a shingles vaccine. In addition, Corizon will not produce documents without pre-payment of the costs of all copies at $.10 per page. *Johnson v. Hubbard*, 698 F.2d 286 (6th Cir. 1983); and *Smith v. Yarrow*, 78 Fed. Appx. 529 (6th Cir. 2003).

9. A copy of the policy manual for or of Corizon, CMS, and PHS pertaining to the

provision of medical care to prisoners.

**RESPONSE**:

Defendants have sought a stay of discovery concerning these discovery requests. Defendants object to this production of documents as irrelevant, unduly burdensome, beyond the scope of discovery and not proportional to the needs of this suit in light of its facts and circumstances pursuant to Federal Rule of Civil Procedure 26. PHS and CMS are not defendants in this suit and were not involved the care and treatment Plaintiff received in 2015. In addition, CMS is not Corizon Health or a successor to Corizon Health. Plaintiff also has not limited the scope of his request to policies or procedures relevant to the care that he received (or he contends he failed to receive). Policies concerning the referral of an inmate to an orthopedic surgeon, for example, are irrelevant to Plaintiff's claims. In addition, Corizon will not produce documents without pre-payment of the costs of all copies at $.10 per page. *Johnson v. Hubbard*, 698 F.2d 286 (6th Cir. 1983); and *Smith v. Yarrow*, 78 Fed. Appx. 529 (6th Cir. 2003).

10. A copy of the Articles of Incorporation filed by Corizon, CMS, and PHS pertaining to

the provision of medical care to prisoners.

**RESPONSE**:

Defendants have sought a stay of discovery concerning these discovery requests. Defendants object to this production of documents as irrelevant, unduly burdensome, beyond the scope of discovery and not proportional to the needs of this suit in light of its facts and circumstances pursuant to Federal Rule of Civil Procedure 26. This suit concerns whether Plaintiff was denied prompt treatment for a shingles infection and whether he was inappropriately quarantined after returning to his facility in May of 2015. PHS did not exist on May 2015 and was not involved in the care rendered Plaintiff. CMS is not the predecessor company to Corizon Health. CMS no longer exists and has not rendered care to inmates incarcerated in the MDOC since 2009. CMS has not been sued in this matter. Corizon Health will not respond on behalf of a non-party. In regard to Corizon Health, Plaintiff's requests are abusive, burdensome, and beyond the scope of discovery in this suit. The articles of incorporation are in no way applicable or relevant to the specific provision of medical care regarding shingles to Plaintiff. In addition, Corizon will not produce documents without pre-payment of the costs of all copies at $.10 per page. *Johnson v. Hubbard*, 698 F.2d 286 (6th Cir. 1983); and *Smith v. Yarrow*, 78 Fed. Appx. 529 (6th Cir. 2003).

11. Any and all documents, records, reports, minutes of meetings, or other paper

depicting the reason why or explaining the merger between Valitas Health Services,

Incorporated and America Services Group, Incorporated.

**RESPONSE**:

7

Defendants have sought a stay of discovery concerning these discovery requests. Defendants object to this production of documents as irrelevant, unduly burdensome, beyond the scope of discovery and not proportional to the needs of this suit in light of its facts and circumstances pursuant to Federal Rule of Civil Procedure 26. This suit concerns whether Plaintiff was denied prompt treatment for a shingles infection and whether he was inappropriately quarantined after returning to his facility in May of 2015. Vitalis Health is not a party to this suit. American Services Group, Incorporated, is not a party to this suit. The only Defendant in this suit is the entity Corizon Health, Inc. The facts and circumstances of the merger of those companies are completely irrelevant to Plaintiff's claims. A vague claim of "costs" motivating Corizon Health, Inc., in the Plaintiff's complaint does not open the door into a fishing expedition of any and all documents of unnamed non-parties. In addition, Corizon will not produce documents without pre-payment of the costs of all copies at $.10 per page. *Johnson v. Hubbard*, 698 F.2d 286 (6th Cir. 1983), and *Smith v. Yarrow*, 78 Fed. Appx. 529 (6th Cir. 2003).

12. Any and all emails, electronic messages, or any other written communication

delivered on any type of medium, electronic or otherwise, sent between any of the

Defendants, medical personnel, prison official, and/or any officer, agent, employee,

or other person employed by or associated with Corizon and/or the MDOC pertaining

to Plaintiff Kitchen between the dates of May 23, 2015, to present date.

**RESPONSE**:

Defendant objects to this production of documents as unduly burdensome, and not proportional to the needs of this suit in light of its facts and circumstances pursuant to Federal Rule of Civil Procedure 26. As set forward in Rule 26, this information is not ready accessible because of undue burden or cost. Plaintiff has refused to limit the number of custodians for his request which would force an electronic search of all employees onsite at his facilities, at the regional office, and at the corporate office without minimum. This is grossly burdensome, specifically in light of the fact that there is no indication that any other provider, beyond Mr. Grahn, was involved in the provision of Plaintiff's medical care concerning shingles that forms the basis of this suit.

Subject to this objection and without waiving the same, Defendant agrees to conduct a search of Mr. Grahn's corporate email from May 23, 2015, to August 19, 2016. Defendant objects to the production of any attorney-client communications between counsel and Mr. Grahn pertaining to this lawsuit and will not produce such information. Corizon will produce copies of the non-privileged emails at $.10 per page. *Johnson v. Hubbard*, 698 F.2d 286 (6th Cir. 1983); and *Smith v. Yarrow*, 78 Fed. Appx. 529 (6th Cir. 2003).

8

13. A copy of the Declaration of Affidavit submitted or completed by Charles Pugh, the

former site medical director in Georgia, submitted in the case of Johnson, et al. v.

Corizon Health, Inc., et al, Case #6:13-cv-1855-TC, USDC for the District of Oregon,

and reviewed by District Judge Thomas M. Coffin.

**RESPONSE**:

Defendants have sought a stay of discovery concerning these discovery requests. Defendant objects to this production of documents as irrelevant, unduly burdensome, beyond the scope of discovery and not proportional to the needs of this suit in light of its facts and circumstances pursuant to Federal Rule of Civil Procedure 26. There is no indication that Dr. Pugh has personal knowledge of the care provided Plaintiff or the functioning of the Regional Office in Michigan. In addition, Dr. Pugh's affidavit does not involve the time at issue. In addition, Corizon will not produce documents without pre-payment of the costs of all copies at $.10 per page. *Johnson v. Hubbard*, 698 F.2d 286 (6th Cir. 1983); and *Smith v. Yarrow*, 78 Fed. Appx. 529 (6th Cir. 2003).

14. A copy of any and all recordings, transcripts, or the like, in addition to emails,

electronic messages, or any other written or recorded communications on any type of

medium, electronic or otherwise, that was sent between any of the Defendants,

medical personnel, prison official, and/or any officer, agent, employee, or other

person employed by or associated with Corizon and/or the MDOC and the medical

staff at the Ionia Sparrow Hospital and the Ingham Regional Medical Center-

McLaren Greater Lansing between the dates of May 23, 2015 and December 31, 2015

pertaining to Kitchen.

**RESPONSE**:

Defendants have sought a stay of discovery concerning these discovery requests. Defendant objects to this request as not proportional to the needs of this suit in light of its facts and circumstances pursuant to Federal Rule of Civil Procedure 26. As set forward in Rule 26, this information is not ready accessible because of undue burden or cost. Plaintiff has refused to limit the number of custodians for his request which would force an electronic search of all employees onsite at his facilities, at the regional office, and at the corporate office without minimum. This is grossly burdensome, specifically in light of the fact that there is no indication

that any other Corizon provider, beyond Mr. Grahn, was involved in the provision of Plaintiff's medical care concerning shingles that forms the basis of this suit. In addition, Corizon will not produce documents without pre-payment of the costs of all copies at $.10 per page. *Johnson v. Hubbard*, 698 F.2d 286 (6th Cir. 1983); and *Smith v. Yarrow*, 78 Fed. Appx. 529 (6th Cir. 2003).

As discussed above, Defendant will produce Mr. Grahn's email communication regarding his Kitchen as set forth in response to Request 12.

(15) To inspect the hard drive or any other medium or electronic device that recorded any

and all materials that were reviewed or looked at on any and all computers or

computer terminals located in the Health Services Unit at the Michigan Reformatory

on May 22, 2015, between the times of 0600 and 1200, during the early morning

hours when Plaintiff visited Health Services following the cell-side examination by

Nurse Sheldon.

**RESPONSE**:

Defendants have sought a stay of discovery concerning these discovery requests. Defendants object to this Request for Production as unclear in meaning. Defendants do not know what information he wants to inspect. If the Plaintiff is seeking to inspect the computers in which his EMR is recorded, Defendants object because such request is irrelevant to his claims. In addition, MDOC may interpose an objection because of the security issues involved. If Plaintiff is requesting copies of his medical records, undersigned has not yet obtained those copies because it requires Plaintiff's authorization. If Plaintiff desires a copy of the medical record the defense obtains, Plaintiff will need to pay copying costs of $.10 per page. *Johnson v. Hubbard*, 698 F.2d 286 (6th Cir. 1983), and *Smith v. Yarrow*, 78 Fed. Appx. 529 (6th Cir. 2003). There is a policy in place that allows inmates access to their medical record, MDOC Policy Directive 03.04.108. Corizon does not employ or represent Nurse Sheldon; therefore, Defendants do not know what Nurse Sheldon may or may not have reviewed on May 22, 2015.

16. Copies of any and all minutes recorded at any and all meetings held by the board of

directors, shareholders, and any official of CMS and Corizon.

**RESPONSE**:

Defendants have sought a stay of discovery concerning these discovery requests. Defendants object to this production of documents as irrelevant, unduly burdensome, beyond the scope of discovery and not proportional to the needs of this suit in light of its facts and circumstances pursuant to Federal Rule of Civil Procedure 26. This suit concerns whether

10

Plaintiff was denied prompt treatment for a shingles infection and whether he was inappropriately quarantined after returning to his facility in May of 2015. CMS is not a party to this suit. CMS has not provided medical care to inmates incarcerated at the MDOC since 2009. Corizon Health cannot respond on behalf of a non-party. The only Defendant in this suit is the entity Corizon Health, Inc. Copies of all minutes from all meetings held by the board of directors, shareholders or any official of Corizon is irrelevant. A vague claim of "costs" motivating Corizon Health, Inc., in the Plaintiff's complaint does not open the door into a fishing expedition of any and all documents of unnamed non-parties. In addition, Corizon will not produce documents without pre-payment of the costs of all copies at $.10 per page. *Johnson v. Hubbard*, 698 F.2d 286 (6th Cir. 1983); and *Smith v. Yarrow*, 78 Fed. Appx. 529 (6th Cir. 2003).

Respectfully submitted,
CHAPMAN LAW GROUP

(w/ perm)

Dated: August 25, 2016

Ronald W. Chapman (P37603)
Attorney for Defendants Corizon Health, Inc. and Corey Grahn
1141 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com

**PROOF OF SERVICE**

I certify that this document was served upon all attorneys of record at their respective addresses of record, and to Michael Andrew Kitchen, Bellamy Creek Correctional Facility, 1727 W. Bluewater Highway, Ionia, MI 48846, as listed on this 25th day of August, 2016, by means of:

X U.S. Mail ☐ Hand Delivery
☐ Facsimile ☐ ___________

MELISSA WRIGHT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michael A. Kitchen,

    Plaintiff,

Case No. 16-00190
v.                       Honorable Paul L. Maloney
Mag. Judge Phillip J. Green

Rick Snyder, et al.,

    Defendants.

_____/

## Plaintiff's First Set of Interrogatories

In accordance with the federal rules of civil procedures, please respond to
the following interrogatories within the alloted time frame.

### Interrogatories for Corizon

1. Please provide the name of any state that has withdrawn, and the date that
   they have withdrawn, from or refused to renew its contract with Corizon
   Health, Inc., to provide health care for the its prisoners, whether under
   the former name or current name of your corporation, based on the state's
   allegation that Corizon Health, Inc., or the name it was formerly known
   by, failed to provide adequate health care to its prisoners.

2. Please state the number of legal claims that have been filed in the last
   fifteen (15) years against Defendant Corizon or any of its employees by
   contract or otherwise alleging deliberate indifference, negligence, or
   medical malpractice, as well as briefly stating the nature of the claim.

3. Please state the number of times since the MDOC and/or Michigan has hired
   Correctional Medical Services (CMS), Prison Health Services (PHS), and/or
   Corizon that total medical costs has reached the risk share maximum cap
   and Corizon, CMS, and PHS has had to absorbed the overage, and the reasons
   that such overage occurred.

4. Please state the number of times since CMS, PHS, and/or Corizon has been
   hired by the MDOC and/or Michigan that prisoners has had to be taken to an
   outside hospital for treatment, whom authorized the hospital visit, the
   amount of money that each hospital visit cost, whom paid the expense for
   the hospital visit, and the reason for the hospital visit.

5. Please state the number and amount of outstanding debts that CMS had at
   the time it was dissolved, and identify whom those debts were owed too.

$Ex H_1 b_{17}$
$F$

b. Please list the number of prisoners nationwide whom has contracted Shingles and Corizon, CMS, and/or PHS along with the Department of Corrections that such companies or corporations had a contract with was responsible for treatment the ailment, what was done to treat the ailment, including, but not limited too, whether such treatment included a hospital visit, and the cost or expense of each treatment.

Submitted By:

Michael A. Kitchen (#189265)
Prisoner Proceeding Pro Se
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, MI 48846

Dated: August 23, 2016

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL ANDREW KITCHEN, #189265

    Plaintiff,

v.

RICK SYNDER et al.

    Defendants.

Case No: 1:16-CV-00190
District Judge: Paul L. Maloney
Magistrate Judge: Phillip J. Green

| | |
|---|---|
| MICHAEL ANDREW KITCHEN, #189265<br>Bellamy Creek (MSP)<br>Bellamy Creek Correctional Center<br>1727 W. Bluewater Hwy.<br>Ionia, MI 48846<br>*Pro Se Plaintiff* | CHAPMAN LAW GROUP<br>Ronald W. Chapman, Esq., M.P.A.,<br>LL.M. (P37603)<br>Attorney for Defendants Corizon<br>Health, Inc. and Corey Grahn<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com |
| MICHIGAN DEPT OF ATTORNEY GENERAL<br>CIVIL LITIGATION, EMPLOYMENT & ELECTIONS<br>Allan J. Soros (P43702)<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 373-6434<br>sorosa@michigan.gov | |

**DEFENDANTS COREY GRAHN AND CORIZON HEALTH, INC.'S
RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

    NOW COME Defendants, COREY GRAHN and CORIZON HEALTH, INC.
("Defendants"), by and through their attorneys, CHAPMAN LAW GROUP, and file their
Response to Plaintiff's Set of Interrogatories as follows:

Ex Hibit
G

**Requests for Corizon**

1. Please provide the name of any state that has withdrawn, and the date that they have withdrawn, from or refused to renew its contract with Corizon Health, Inc., to provide health care for the its prisoners, whether under the former name or current name of your corporation, based on the state's allegation that Corizon Health, Inc., or the name it was formerly known by, failed to provide adequate health care to its prisoners.

**RESPONSE:**

**Defendant has sought a stay of discovery on the merits of Plaintiff's claims. Furthermore, Defendant objects to Interrogatory No. 1 as irrelevant, unduly burdensome, beyond the scope of discovery and not proportional to the needs of this suit in light of its facts and circumstances pursuant to Federal Rule of Civil Procedure 26. This suit concerns whether Plaintiff was denied prompt treatment for a shingles infection and whether he was inappropriately quarantined after returning to his facility in May of 2015 when Corizon was present and provided medical services. It does not concern the cancellation of any contracts without limit of the time, date, or scope. Corizon Health, Inc.'s contract with MDOC has not been cancelled. The information Plaintiff seeks is highly sensitive, highly burdensome, and far beyond the needs of this specific suit. The question is whether Corizon has a policy, procedure or custom that led to the inadequate medical treatment of a shingles infection as treated in the State of Michigan.**

2. Please state the number of legal claims that have been filed in the last fifteen (15) years against Defendant Corizon or any of its employees by contract or otherwise alleging deliberate indifference, negligence, or medical malpractice, as well as briefly stating the nature of the claim.

**RESPONSE:**

**Defendant has sought a stay of discovery on the merits of Plaintiff's claims. Furthermore, Defendant objects to Interrogatory No. 2 as irrelevant, unduly burdensome, beyond the scope of discovery and not proportional to the needs of this suit in light of its facts and circumstances pursuant to Federal Rule of Civil Procedure 26. This suit concerns whether Plaintiff was denied prompt treatment for a shingles infection and whether he was inappropriately quarantined after returning to his facility in May of 2015. Corizon is a**

2

national company. Claims filed against Corizon in another jurisdiction fifteen years ago are irrelevant, beyond the scope of discovery, and highly burdensome. Prior bad acts, the information that Plaintiff seeks, is only relevant when substantially similar to the transaction at issue. *Anderson v. Whittaker Corp.*, 894 F.2d 804, 813 (6th Cir. 1990). Plaintiff's interrogatory would require Corizon to produce a list concerning every claim, no matter the underlying facts or validity of the claim, over the last fifteen years which is highly burdensome. In addition, Corizon's predecessor corporation, Prison Health, Inc., did not hold the contract with the MDOC fifteen years ago, only the last seven.

   3.   Please state the number of times since the MDOC and/or Michigan has hired

        Correctional Medical Services (CMS), Prison Health Services (PHS), and/or Corizon

        that total medical costs has reached the risk share maximum cap and Corizon, CMS,

        and PHS has had to absorbed the overage, and the reasons that such overage occurred.

**RESPONSE**:

   Defendant has sought a stay of discovery on the merits of Plaintiff's claims. Furthermore, Corizon objects to Plaintiff's Interrogatory No. 3 on the following grounds. First, Corizon Health, Inc. is a different legal entity than Correctional Medical Services. CMS has not been sued in this suit and is not a defendant. Second, Prison Health Services, Inc. no longer exists. Third, Corizon objects to disclosing the financial arrangements of Corizon Health, Inc., its predecessor, Prison Health Services, Inc., with the MDOC. These matters are sensitive trade secret information and are irrelevant to Plaintiff's claims. Corizon objects to Interrogatory as irrelevant, unduly burdensome, beyond the scope of discovery and not proportional to the needs of this suit in light of its facts and circumstances pursuant to Federal Rule of Civil Procedure 26. This suit concerns whether Plaintiff was denied prompt treatment for a shingles infection and whether he was inappropriately quarantined after returning to his facility in May of 2015. There is no connection between the care that he received and any overages that might have occurred, particularly as Plaintiff was sent to the hospital. The question is whether Corizon has a policy, procedure or custom that led to the inadequate medical treatment of a shingles infection.

   4.   Please state the number of times since CMS, PHS, and/or Corizon has been hired by

        the MDOC and/or Michigan that prisoners has had to be taken to an outside hospital

        for treatment, whom authorized the hospital visit, the amount of money that each

        hospital visit cost, whom paid the expense for the hospital visit, and the reason for the

        hospital visit.

3

Defendant has sought a stay of discovery on the merits of Plaintiff's claims. Moreover, Corizon objects to Plaintiff's Interrogatory No. 6 on the following grounds. First, Corizon Health, Inc. is a separate legal entity from Correctional Medical Services. CMS has not been sued in this suit and is not a defendant. Undersigned does not represent CMS and will not respond on its behalf. Second, this Interrogatory is irrelevant, unduly burdensome, beyond the scope of discovery and not proportional to the needs of this suit in light of its facts and circumstances pursuant to Federal Rule of Civil Procedure 26. This suit concerns whether Plaintiff was denied prompt treatment for a shingles infection and whether he was inappropriately quarantined after returning to his facility in May of 2015 when Corizon was present and provided medical services. Corizon is a national company in multiple states. To calculate the number of prisoners who had shingles from multiple jurisdictions nationwide throughout the entire existence of Corizon Health, Inc. and its predecessor PHS and then summarize for Plaintiff every relevant contract provision, course of care, hospitalization, and the total expense would be highly burdensome in man hour costs. In addition, the information would be irrelevant as contracts and costs are not uniform. To the extent Plaintiff appears to be seeking information from various Department of Corrections, that information is not within the custody or control of Corizon.

Respectfully submitted,
CHAPMAN LAW GROUP

(w/ perm)

Dated: September 21, 2016

Ronald W. Chapman, Esq., M.P.A.,
LL.M. (P37603)
Attorney for Defendants Corizon Health, Inc.
and Corey Grahn
1141 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com

5

## **PROOF OF SERVICE**

I certify that this document was served upon all attorneys of record at their respective addresses of record, and to Michael Andrew Kitchen, Bellamy Creek Correctional Facility, 1727 W. Bluewater Highway, Ionia, MI 48846, as listed on this $\underline{21^{st}}$ day of September, 2016, by means of:

X U.S. Mail ☐ Hand Delivery
☐ Facsimile ☐ _____

*Melissa Wright*
MELISSA WRIGHT

**6**

Michael A. Kitchen (#189265)
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, MI 48846

August 1, 2016

Ronald W. Chapman, Attorney
Chapman Law Group
1441 West Long Lake Rd., #310
Troy, Michigan 48098

> Re: <u>Kitchen v. Corizon, et al</u> & Contemplated Lawsuit
> Case No. 16-00190

Dear Mr. Chapman:

An attorney friend of mine is going to contact you on my behalf to see if we can work this out, if you do not mind. In fact, you may be familiar with him, Attorney Reynolds Brander (home phone, (616) 285-3305 & cell phone, (616) 446-7006). Mr. Brander has been an attorney for decades in Michigan. He does not represent me in the above case, but he helps me resolve disputes with departmental officials from time to time. Indeed, he has helped settle two other lawsuits that I had against the department once before, and I though it would be a good idea to ask him to contact you for me to see if we can resolve the above case.

I am not in this for money, so we should be able to come to some arrangement. In fact, the only financial compensation that I want is my $350 filing fee reimbursed. Primarily, all I want is access to medical treatment and some of my property items replaced. Below is an outline of what I am looking for. If we can reach an agreement, then I will dismiss the above lawsuit, and sign off on my rights with regard to the other.

## PROPOSED SETTLEMENT

1. <u>FILING FEE REIMBURSED</u>: I had to pay $350 to file the above case. I want that reimbursed.

2. <u>TRANSFER OR MEDICAL DETAIL</u>: I require a prison "medical detail" to continue wearing my sunwear/solar shields at all times, as had been the case before my transfer to the Bellamy Creek facility. In the alternative, Corizon must agree to have me transferred to a facility that would be more tolerant or accommodating to my wearing of sunwear/solar shields at all times and agree to treat me for my vision condition. If I am transferred, Corizon must agree that I will not be sent to a facility that will pose a threat to my well-being (such as the Chippewa, St. Louis, Alger, Oaks, or the G. Robert Cotton facilities), but, in stead, sent to a facility that will actually help (such as the Westshoreline, Woodland Center, Jackson, C-Unit Dwayne Waters, or Thumb facilities). I prefer to be housed at a facility in or near Muskegon so that I can remain close to

EX A16,T

my attorney.

3. <u>MEDICAL TREATMENT</u>: provide medication to treat vision complications, as had been started by Dr. Doyle.

4. <u>RESTORATION OF PRESCRIPTIONS</u>: Restore refills of my prescription medication to its previous levels before I filed suit, including refill Albuterol or Proair-HFA inhalers every 30 days as had been permitted for last 29 years of my imprisonment, or, in the alternative, permit my family or I to purchase refills with medical insurance every 30 days as needed.

5. <u>PRESCRIPTION FOR PRIMARY MEDICATION</u>: Prescribe primary medication to properly treat and control my asthma or COPD, or, in the alternative, allow my family or I to contribute to the purchase of that medication with medical insurance if cost to prescribe this medication is of concern.

6. <u>Q-VAR INHALER PRESCRIPTION</u>: Refill my Q-Var inhaler until such time as the other, more effective medication can be provided to help treat and control my asthma/COPD, ensuring that the prescription calls for renewals of the inhaler every 30 days.

7. <u>SPECIAL MEDICAL DETAILS</u>: Provide me with a Special Accommodation Notice (SAN) to purchase an 8" fan from the departmental approved vendor J.L. Marcus to help keep me cool during the summer months that will help prevent me from having an asthma/COPD attacks. I am also asking that a SAN be issued to provide me with or allow me to purchase ice during the summer months to help prevent my asthma/COPD attacks. The 8" fan was previously provided to prisoners free of charge by departmental officials, and are more effective in helping me stay cool during the summer months.

8. <u>REPLACEMENT OF PROPERTY</u>: Corizon must also agree to replace my Swintec 2416cc Memory Typewriter and my boots that were stolen when Corizon employees unreasonably delayed my treatment for Shingles.

9. <u>VACCINATION</u>: Corizon must agree to vaccinate me against the Shingles virus.

With respect,

Michael A. Kitchen

mk
cc: file

## Reynolds Brander

**From:**    "Reynolds Brander" <reynoldsbrander@msn.com>
**To:**       "Alexia R. Roney" <ARoney@nallmiller.com>
**Sent:**    Tuesday, August 9, 2016 5:40 PM
**Subject:** Re: Michael Kitchen v. Corizon Health

Ms. Roney: I will talk with Kitchen and see if he has a settlement demand different than contained in his letter of August 1. In a very summary fashion
would you please tell me why there is no basis for his 1-9 demands. Thank you.    Ren

> ----- Original Message -----
> **From:** Alexia R. Roney
> **To:** 'reynoldsbrander@msn.com'
> **Cc:** Carly VanThomme (CVanThomme@chapmanlawgroup.com)
> **Sent:** Tuesday, August 9, 2016 1:18 PM
> **Subject:** Michael Kitchen v. Corizon Health
>
>
> Mr. Brander:
>
>
> Our state counsel, Ron Chapman, referred your inquiry concerning settling Mr. Kitchen's case to my attention. Please feel free to contact me at the below referenced numbers.
>
>
> Alexia
>
>
> Alexia R. Roney, Esq
>
> Nall & Miller, LLP
>
> 235 Peachtree Street, N.E.
>
> Suite 1500 - North Tower
>
> Atlanta, Georgia 30303-1401
>
> www.nallmiller.com
>
> (404) 522-2200
>
> (678) 608-1694 (Direct)
>
> (404) 522-2208 (Fax)

EXHIBIT

## Reynolds Brander

**From:** "Reynolds Brander" <reynoldsbrander@msn.com>
**To:** "Alexia R. Roney" <ARoney@nallmiller.com>
**Cc:** <CVanThomme@chapmanlawgroup.com>; "Hanifah A. Akbar" <HAkbar@nallmiller.com>
**Sent:** Tuesday, September 6, 2016 3:57 PM
**Subject:** Re: Kitchen - Request to Meet Concerning Discovery Dispute.

Ms. Roney:

It does sound that way, and perhaps Kitchen is acting as if I am, but I am not his attorney for the litigation he has filed in Federal Court.  He asked me (as a friend) to contact you to see if we could get the case settled.  If he asks me to appear at a meeting, I would probably do so as a favor to him.  I have tried to help Michael in various ways since 1992.
  You should deal with him, in that matter, as if he is in pro per.
                    Sincerely:  Ren Brander

----- Original Message -----
**From:** Alexia R. Roney
**To:** reynoldsbrander@msn.com
**Cc:** CVanThomme@chapmanlawgroup.com ; Hanifah A. Akbar
**Sent:** Tuesday, September 6, 2016 10:07 AM
**Subject:** Kitchen - Request to Meet Concerning Discovery Dispute.

Mr. Brander:

Can you provide clarification on whether or not you are going to represent Mr. Kitchen in this matter? Mr. Kitchen is certainly acting as if you are.

Alexia

Alexia R. Roney, Esq

Nall & Miller, LLP

235 Peachtree Street, N.E.

Suite 1500 - North Tower

Atlanta, Georgia  30303-1401

www.nallmiller.com

(404) 522-2200

EXHIBIT
J

Michael A. Kitchen (#189265)
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, MI 48846

September 12, 2016

Alexia R. Roney, ESq.
Nall & Miller, LLP
235 Peachtree Street, N.E.
Suite 1500-North Tower
Atlanta, Georgia  30303-1401

      Re:  <u>Kitchen v. Synder, et al</u>
           Court Case No. 16-00190
           Chapman's Case No. 09.2.6.351

Dear Ms. Roney:

    Ren contacted me about your letter regarding whether he intended to represent me, and I want to clarify that. While it does not seem as if your state counsel Mr. Ronald W. Chapman is confused, I want to apologize if you were. Just to clarify, and as I have made clear to Mr. Chapman, I will represent myself in this matter.

    It seems as if my letter to Mr. Chapman requesting a meeting to resolve a discovery dispute may have led to the confusion. Again, I apologize. As I explained to Mr. Chapman in that letter, I intended to ask Ren to sit in on that meeting not to assist me in the "representation sense", but, rather, to ease any concerns that Chapman may have had with meeting me. Out of ethic concerns, some lawyers nowadays are reluctant to meet with pro se litigants to resolve simple things like discovery disputes. So, I told Chapman that I would ask Ren to sit in on the meeting if he wished.

    Anyway, I apologize once again for the confusion. In fact, I will try and call you and Mr. Chapman on or about the morning of September 23rd about this matter, as well as address any other concerns that you may have. Of course, I will pay for the call myself at the time of calling. If you have any further concerns, please do not hesitate to contact me.

                        Very truly yours,

                        Michael A. Kitchen

mk
cc:  Attorney R. Chapman
     Attorney R. Brander

$Ex Hibit$

Michael A. Kitchen (#189265)
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, MI 48846


September 16, 2016


Ronald W. Chapman, Attorney
CHAPMAN LAW GROUP
1441 West Long Lake Rd., Ste. 310
Troy, Michigan 48098

       Re:  <u>Kitchen v. Snyder, et al</u>
            Case No. 16-00190

Dear Mr. Chapman:

    I received your letter dated September 9th, and appreciate your thoughts. You declined the opportunity to meet with me to discuss our discovery, and that is fair enough for me. I continue to have concerns, so have a proposal.

    Along with your September 9th letter you sent a new request seeking access to my medical and mental records. It seems that this new request is intended to supersede your first request for documents directed to me dated August 11th. You have done something similar to what I did. On August 23rd I sent you a request for documents intended to supersede my prior request for documents dated July 26th. You responded stating that you would not allow me to substitute the July 26th request with the August 23rd one.

    So, I tell you what. If you accept my August 23rd request for documents as a substitution of the one dated July 26th, I will accept your new request as a substitute of your old one. We can then agree to respond to each other's requests by October 10th.

    I intend to try and call you on September 23rd, and will pay for the call myself. If I cannot get through, then I will give you until September 27th to respond to this proposal.

                        Cordially,

                        Michael A. Kitchen

Ex HibiT



25 YEARS
DEDICATED TO
HEALTH LAW
MICHIGAN
FLORIDA

September 26, 2016

Michael Andrew Kitchen, #189265
Ionia Correctional Facility
1576 W. Bluewater Hwy
Ionia, MI 48846

> Re:  Kitchen # 189265 v. Synder, et al.
>       Case No.: 1:16-cv-00190
>       Our File No.: 09.2.6.351

Dear Mr. Kitchen:

This letter is in response to your letter of September 16, 2016.

The content of my September 9, 2016, letter speaks for itself. As required by the Federal Rules of Civil Procedure I attempted, in good faith, to resolve a discovery dispute you raised in your letter of August 30, 2016, by offering a modified authorization for access to your medical records. You elected to take the matter to the Court. Our positions are not the same. I do not agree with your assessment of the facts as set forward in the letter of September 16, 2016.

I do not consent to your attempt to withdraw the July 26th discovery requests. I do not consent to the substitution of the July 26th discovery requests with your August 23rd discovery requests. I do not agree to respond to the August 23rd discovery requests by October 10, 2016.. Remaining,

Very Truly Yours,
**Chapman Law Group**

Ronald W. Chapman (w/ por)

**Ronald W. Chapman, Esq., M.P.A., LL.M.**
1441 West Long Lake Rd., Ste. 310
Troy, MI 48098
(248) 644-6326
RChapman@ChapmanLawGroup.com

RWC/mk

Attorneys
nald W. Chapman, MPA, LL.M.
Florida and Michigan

Carly Van Thomme
Michigan

Ronald W. Chapman, II
Michigan

Aaron J. Kemp
Michigan

teven D. Brownlee, MBA, M.D.
Florida

Joseph G. Sapp, LL.M.
Florida

Kevin A. McQuillan
Michigan

Nathan C. Pitluk
Michigan

David B. Mammel
Of Counsel

Practice Areas
Administrative Law
Correctional Law
Criminal Law
Health Care Law
Health Care Fraud
Medical Malpractice Defense
Professional Licensing
General Litigation

Michigan Office
1441 West Long Lake Road
Suite 310
Troy, MI 48098
T. (248) 644-6326

Florida Offices
1834 Main Street
Sarasota, FL 34236
T. (941) 893-3449

4000 Hollywood Blvd.
Suite 527 and 528
Hollywood, FL 33021
T. (305) 712-7177
*By Appointment

www.ChapmanLawGroup.com

Ex Hibit