**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

MICHAEL ANDREW KITCHEN, #189265

    Plaintiff,

v.

RICK SYNDER et al.

    Defendants.

Case No: 1:16-CV-00190
District Judge: Paul L. Maloney
Magistrate Judge: Phillip J. Green

| MICHAEL ANDREW KITCHEN, #189265<br>Earnest C. Brooks Correctional Facility<br>2500 S. Sheridan Drive<br>Muskegon Heights, MI 49444<br>*Pro Se Plaintiff*<br><br>MICHIGAN DEPT. OF ATTORNEY GENERAL<br>Allan J. Soros (P43702)<br>Attorney for MDOC Defendants<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 373-6434<br>sorosa@michigan.gov | CHAPMAN LAW GROUP<br>Ronald W. Chapman Sr., M.P.A.,<br>LL.M. (P37603)<br>Attorney for Defendants Corizon<br>Health, Inc. and Corey Grahn<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com |

**THE CORIZON DEFENDANTS' MOTION**
**TO FILE SUR-REPLIES TO PLAINTIFF'S REPLIES [DKT. 139, 141]**

    NOW COME Defendants, CORIZON HEALTH, INC., and COREY GRAHN ("Corizon Defendants"), by and through their attorneys, CHAPMAN LAW GROUP, and move to file two sur-replies to Plaintiff's replies at Docket 139 and 141.

    1.    On April 20, 2017, Defendants sought an extension of time to file several pleadings; these concerned responses to several of Plaintiff's motions as well as a reply in support of one of Defendants' Motions. **[PageID.1404.]**

    2.    In an effort to avoid unnecessary delay, Defendants only requested a one week extension of time. **[*Id.*]**

3. As promised, Defendants filed the responses to Plaintiff's motions and a reply in support of a motion filed by Defendants on April 27, 2017. **[PageID.1415; Page.ID.1421; PageID.1449; PageID.1505.]**

4. Plaintiff did not file an opposition to Defendants' Motion for an Extension of Time, but instead filed two replies in support of his own motions, arguing that Defendants actions were untimely. **[PageID.1574; PageID.1582.]**

5. Had Plaintiff responded to the Motion for Extension of Time, Defendants could have addressed his issues with that Motion through a reply.

6. Thus, as Plaintiff raised new issues in his replies never raised in his original motions, Defendants respectfully request that this Court allow them to file surreplies. *See Eng'g & Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575, 583 (6th Cir. 2010)

7. Defendants sent a letter to Plaintiff advising him that they would move to file sur-replies to address his replies. (Chapman Ltr. to Kitchen, May 18, 2017) **[Ex. A].**

8. Plaintiff has not responded; therefore, Defendants consider this motion opposed.

9. The Defendants rely on this Motion and the Memorandum filed in Support.

For the foregoing reasons, Defendants request the Court grant this Motion to allow them to respond to Plaintiff's argument in his replies that their responses were untimely.

|  |  |
|---|---|
|  | Respectfully submitted,<br>CHAPMAN LAW GROUP |
| Dated: May 25, 2017 | /s/ Ronald W. Chapman Sr.<br>Ronald W. Chapman Sr., M.P.A.,<br>LL.M. (P37603)<br>Attorney for Defendants Corizon Health, Inc. and Corey Grahn<br>1141 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com |

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

MICHAEL ANDREW KITCHEN, #189265

    Plaintiff,

v.

RICK SYNDER et al.

    Defendants.

Case No: 1:16-CV-00190
District Judge: Paul L. Maloney
Magistrate Judge: Phillip J. Green

---

| | |
|---|---|
| MICHAEL ANDREW KITCHEN, #189265<br>Earnest C. Brooks Correctional Facility<br>2500 S. Sheridan Drive<br>Muskegon Heights, MI 49444<br>*Pro Se Plaintiff*<br><br>MICHIGAN DEPT. OF ATTORNEY GENERAL<br>Allan J. Soros (P43702)<br>Attorney for MDOC Defendants<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 373-6434<br>sorosa@michigan.gov | CHAPMAN LAW GROUP<br>Ronald W. Chapman Sr., M.P.A.,<br>LL.M. (P37603)<br>Attorney for Defendants Corizon<br>Health, Inc. and Corey Grahn<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com |

**THE CORIZON DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO FILE SUR-REPLIES TO PLAINTIFF'S REPLIES [DKT. 139, 141]**

NOW COME Defendants, CORIZON HEALTH, INC., and COREY GRAHN ("Corizon Defendants"), by and through their attorneys, CHAPMAN LAW GROUP, and file this Motion to File Sur-replies to Plaintiff's Replies at Docket 139 and 141.

## TABLE OF CONTENTS

EXHIBIT INDEX ..................................................................................................................4

INDEX OF AUTHORITIES..................................................................................................4

STATEMENT OF ISSUES PRESENTED............................................................................4

STATEMENT OF FACTS ....................................................................................................5

AUTHORITY ........................................................................................................................5

ARGUMENT.........................................................................................................................5

      ARGUMENT ONE: THIS COURT SHOULD AUTHORIZE DEFENDANTS...............5
      TO FILE SURREPLIES TO DOCKET NOS. 139 AND 141.

CONCLUSION......................................................................................................................6

PROOF OF SERVICE...........................................................................................................7

## EXHIBIT INDEX

**EXHIBIT A**   Chapman Ltr. to Kitchen, May 18, 2017

## INDEX OF AUTHORITIES

**Cases**

*Eng'g & Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575, 583 (6th Cir. 2010) ................................ 3

*Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003).............................................. 3

## STATEMENT OF ISSUES PRESENTED

SHOULD DEFENDANTS' MOTION TO FILE SURREPLIES BE GRANTED?

DEFENDANTS STATE:          YES
PLAINTIFF STATES:            NO

## STATEMENT OF FACTS

Plaintiff Michael Kitchen sued several defendants, including Corizon Health Inc. and NP Corey Grahn ("Corizon Defendants"), for allegedly denying him appropriate medical care for a shingles infection and subsequent treatment for that infection. **[PageID.1; PageID.380]**. On March 21, 2017, the Corizon Defendants filed a dispositive motion to address some, but not all, of Plaintiff's claims. **[PageID.1195]**.

On April 20, 2017, the Corizon Defendants sought an extension of time to file several pleadings; these concerned responses to several of Plaintiff's motions as well as a reply in support of one of Defendants' motions. **[PageID.1404.]** To avoid unnecessary delay, the Corizon Defendants only requested a one-week extension of time. **[*Id.*]** As promised, the Corizon Defendants filed the responses to Plaintiff's motions and the reply on April 27, 2017. **[PageID.1415; Page.ID.1421; PageID.1449; PageID.1505.]** Plaintiff did not file an opposition to Defendants' Motion for an Extension of Time, but instead filed two replies in support of his own motions, arguing that the Corizon Defendants' responses were untimely. **[PageID.1574; PageID.1582.]**

## AUTHORITY

When new submissions or arguments are raised in a reply brief, vitiating the non-movant ability to respond, the Court may authorize a sur-reply. *Eng'g & Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575, 583 (6th Cir. 2010).

## ARGUMENT

**Argument One: This Court Should Authorize Defendants to File Surreplies to Docket Nos. 139 and 141.**

The Corizon Defendants sought an extension of time to file several responses and a reply. Apparently, Plaintiff found much wrong with this motion, even though the Corizon Defendants

5

only requested an extension of one week due to an illness. Instead of opposing the Motion, though, Plaintiff elected to outline his concerns in the reply briefs he filed in support of his several motions. **[PageID.1574; PageID.1582.]** By so doing, he vitiated the Corizon Defendants ability to address his concerns through a reply brief in support of the Motion for Extension of Time. But this also means that Plaintiff raised new arguments in his replies never mentioned in his motions. Thus, this is the situation where, in equity, the Court should allow Defendants to file a sur-reply. *Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003); *Eng'g & Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575, 583 (6th Cir. 2010).

## CONCLUSION

For the foregoing reasons, Defendants' motion to file a surreply to Plaintiff's replies at Docket 139, **[PageID.1574]** and Docket 141, **[PageID.1582]**, should be granted. The Court should grant Defendants seven days from entry of an order approving this Motion to file surreplies to address solely the issue of the Motion for Extension of Time.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: May 25, 2017

/s/ Ronald W. Chapman Sr.
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Attorney for Defendants Corizon Health,
Inc. and Corey Grahn
1141 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com

6

## **PROOF OF SERVICE**

I hereby certify that on May 25, 2017, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by U.S. Postal Service the document to the involved non-participants.

/s/ Ronald W. Chapman Sr.
Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
Attorney for Defendants Corizon Health, Inc. and Corey Grahn
1141 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com