UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL ANDREW KITCHEN,          )
# 189265,                        )
                                 )
                    Plaintiff,   )          Case No. 1:16-cv-190
                                 )
v.                               )          Honorable Paul L. Maloney
                                 )
CORIZON HEALTH, INC., et al.,    )
                                 )
                    Defendants.  )
_____)

## <u>OPINION</u>

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C.

§ 1983.   Plaintiff is an inmate at the Carson City Correctional Facility.   (ECF No.

150).   This lawsuit arises out of conditions of his confinement between May 21 and

November 3, 2015, at the Michigan Reformatory (RMI).   During this period, plaintiff

developed shingles, and he believes that the medical care he received was inadequate.

The matter is before the Court on a series of motions by plaintiff and the two

defendants Corizon Health, Inc., and Nurse Practitioner Corey Grahn (collectively

referred to as the Corizon defendants):   plaintiff's motion for a protective order (ECF

No. 120), plaintiff's motion requesting a "partial delay" of the Court's ruling on the

Corizon defendants' dispositive motion pending discovery or alternatively for the

Court to take judicial notice of facts and waive compliance with W.D. MICH.

LCIVR 7.1(d) (ECF No. 123), plaintiff's motion to compel (ECF No. 125), the Corizon

defendants' third motion for a teleconference (ECF No. 130), the Corizon defendants'

motion for a brief extension of time to file responses to plaintiff's motions because the attorney responsible for drafting the responses was ill (ECF No. 131), the Corizon defendants' motion for leave to file surreply briefs (ECF No. 143), and plaintiff's motion regarding service on defendants Doyle and Schultz (ECF No. 145).

1.     <u>Motion for an Extension of Time</u>

The Court finds attorney illness provides good cause to grant the Corizon defendants' motion for a brief extension of time to file their responses to plaintiff's motions. Defendants' motion (ECF No. 131) will be granted. Defendants' responses (ECF No. 134-37) are deemed timely.

2.     <u>Motion for a Protective Order</u>

On April 10, 2017, plaintiff filed a motion requesting a protective order regarding the Corizon defendants' access to the MDOC's records regarding the medical care that plaintiff has received. (ECF No. 120). Defendants have filed their response. (ECF No. 135).

On August 11, 2016, the Corizon defendants served a request for production of documents on plaintiff, which included a medical authorization to obtain copies of the MDOC's records regarding plaintiff's medical care. (ECF No. 135-1, PageID.1431-33). Defendants requested a release of medical records from April 1, 2009, to the present. (*Id.* at PageID.1433). Plaintiff responded with a letter dated August 30, 2016, indicating that he objected to the breadth of defendants' request, but he expressed a belief that the parties could "work something out without the

intervention of the court." (ECF No. 135-2 at PageID.1434). Defendants represent to the Court that, on "September 9, 2016, the Corizon Defendants responded. They declined a personal meeting at that time, but provided a new medical authorization limiting the scope of their request in a good faith attempt to resolve any perceived issues with the prior authorization."[1] (ECF No. 135 at PageID.1424). The new medical authorization form limited the scope of defendants' request to records from January 1, 2012. (ECF No. 79-3, PageID.815).

Plaintiff "concedes that the Corizon Defendants are entitled to have access to his medical records," but he believes that the extent of access that defendants requested is "excessive." (ECF No. 121 at PageID.1292). The Corizon defendants "do not oppose entering a protective order under HIPAA,[2] but decline to enter one on the terms that plaintiff seeks." (ECF No. 135 at PageID.1421).

Plaintiff asks that the Court limit defendants' access to medical records to the period from "May 22, 2015 to January 31, 2016." (ECF No. 121 at PageID.1294). Further, plaintiff asks that defendants' access also be further narrowed to types of

---

[1]The Corizon defendants cite to Exhibit C of their brief as the September 9, 2016, letter from Mr. Chapman to plaintiff. Unfortunately, the document attached as Exhibit C to defendant's brief is not that letter, but rather, a letter from plaintiff to Chapman dated August 23, 2016. (ECF No. 135-3, PageID.1435). The Court will disregard this obvious clerical error. Chapman's September 9, 2016, letter to plaintiff and the revised release requesting medical records from January 1, 2012, to the present, are found in the record as an attachment to defendants' earlier brief. (ECF No. 79-3, PageID.814-15).

[2]Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936 (1996).

medical problems indicated in his complaint related to damages. (*Id.* at PageID.1294-95). Defendants respond that their request for records beginning on January 1, 2012, is reasonable and necessary given the breadth of plaintiff's claims for damages and the need to review plaintiff's medical record leading up to his 2015 shingles infection to "determine whether [p]laintiff had any pre-existing conditions that factor into his alleged damages."[3] (ECF No. 135, PageID.1426). Upon review, the Court finds that the parties have not presented compelling arguments or evidence in favor of the starting points that they suggest on either side of a range of approximately 40 months. In the absence of any agreement, and limited to the specific facts of this case, the Court finds that an approximate midpoint splitting the difference is reasonable and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, plaintiff will be ordered to sign the release (ECF No. 79-3,

---

[3]Defendants' brief states: "As in all other cases, the Corizon defendants will seal any medical records they submit to the Court." (ECF No. 135, PageID.1426). This statement is accurate only to the extent that Corizon routinely makes such requests in this type of case out of an abundance of caution to avoid potential HIPAA violations. These motions are rarely, if ever, granted. Prisoners claiming deliberate indifference to serious medical needs place their medical condition and the medical care that they have received directly at issue and thereby waive whatever privileges or statutory protection the medical records may have previously enjoyed under HIPAA. *See, e.g., Simon v. Cook*, 261 F. App'x 873, 886 (6th Cir. 2008) (waiver of federal common law psychotherapist-patient privilege); *Maday v. Public Libraries of Saginaw*, 480 F.3d 815, 821 n.2 (6th Cir. 2007) (waiver of state-law privilege). Moreover, the public has a constitutionally-based right to know the evidence on which this Court decides a motion for summary judgment.

PageID.815) granting the Corizon defendants access to the requested MDOC records regarding plaintiff for the period from September 1, 2013, to the present.

Plaintiff alleges that he suffered a broad range of injuries and he claims entitlement to extensive damages. The Court will not limit defendants' access to only those medical records that plaintiff deems relevant. (ECF No. 121 at PageID.1294-95). "Plaintiff does not get to choose which discrete portions of his medical records he permits Defendants to discover." *Sleighter v. Kent County Jail Adm'r*, 1:12-cv-703, 2013 WL 5320203, at *5 (W.D. Mich. Sept. 20, 2013). Defendants are entitled to all the requested records regarding plaintiff from September 1, 2013, to the present.

Plaintiff asks the Court to order that he be permitted to inspect the medical records before the MDOC provides them to the Corizon defendants, or alternatively, that the Court conduct an *in camera* review "in order to make sure that any claim of privacy to that information is a legitimate exercise of privilege." (ECF No. 121 at PageID.1295). Plaintiff has no such right of inspection. Plaintiff invokes the Michigan Medical Records Access Act, MICH. COMP. LAWS § 333.26261, *et seq.*, (ECF No. 121 at PageID.1295), but the question of whether he is entitled to access to the MDOC's records under the Michigan statute is simply not an issue in this lawsuit. It is utterly irrelevant to defendants' entitlement to the documents in question. In addition, this case "is brought under the [C]ourt's federal-question jurisdiction. Pursuant to Rule 501 of the Federal Rules of Evidence, the issue of privilege in

federal-question cases is governed by federal law, not state law. This is the rule even where, as here, there are pendent state-law claims asserted as well as federal claims." *Carlson v. Fewins*, No. 1:08-cv-991, 2010 WL 11488917, at *2 (W.D. Mich. Apr. 9, 2010) (citing *Hancock v. Dodson*, 958 F.2d 1367, 1372-73 (6th Cir. 1992)). There is no federal physician-patient privilege. *See Hancock v. Dodson*, 958 F.2d at 1373; *see also Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547, 551 (S.D. Ohio 2014) ("It is well-established that, under federal common law, there is no physician-patient privilege."). The Court declines plaintiff suggestion that the Court conduct an *in camera* review.

Plaintiff asks that the Court "prohibit the Corizon Defendants from having *ex parte* communications with his medical providers." (ECF No. 121 at PageID.1295). The Court has "broad discretion" in regulating discovery. *Strayhorne v. Caruso*, No. 11-15216, 2014 WL 916814, at *2 (E.D. Mich. Mar. 10, 2014). The Court, in its discretion, declines to impose the suggested restriction. The Corizon defendants are entitled to speak with Corizon's employees and contractors and others medical care providers regarding the care that plaintiff has received or is receiving. "The HIPAA regulations plainly permit adversaries in litigation to have access to a claimant's medical records that are relevant to the issues in the litigation. Having access to the medical witnesses who may testify at trial serves the same goal of allowing equal access to the evidence, which is essential to the success of the adversary process." *Thomas v. 1156729 Ontario Inc.*, 979 F. Supp. 2d 780, 784 (E.D. Mich. 2013); *see also*

*Owusu v. Michigan Dep't of Corr. Pain Mgmt. Comm.*, No. 16-cv-12490, 2017 WL 3913152, at * 1-2 (E.D. Mich. Sept. 7, 2017) (noting that e*x parte* communications with health care providers are contemplated by HIPAA and are regularly allowed by federal courts).

Plaintiff asks the Court to order that the Court restrict access to the MDOC's medical records to "attorney Ronald W. Chapman and the intern or assistant handling this case, Melissa Wright." (ECF No. 121 at PageID.1297-98). Again, the Court, in its discretion, declines to impose the suggested restriction.

Plaintiff asks the Court to "order the redaction of his social security number and birth date from any medical records released to the Corizon Defendants." (ECF No. 121 at PageID.1297). Plaintiff is not entitled to have anything redacted from the documents that the MDOC is going to produce. The attorneys already have an obligation to redact portions of the information regarding plaintiff's birth date and social security number from documents filed with the Court. *See* FED. R. CIV. P. 5.2(a)(1),(2). There is no need for an order.

The Corizon defendants do not object to a protective order including a provision for destruction of documents after the end of this lawsuit and related appeals. They do not object to a provision regarding limiting disclosures to those necessary for the purposes of this litigation. (ECF No. 135 at PageID.1428). The Court will be entering an order including such provisions.

Plaintiff's motion for a protective order will be granted in part and denied in part as indicated herein.

3. <u>Motion to Compel</u>

Plaintiff's motion to compel (ECF No. 125) requires an examination of the procedural history of this case. On July 20, 2016, the Court entered the standard case management order in a prisoner civil rights case. (ECF No. 28). Paragraph 4 of the standard order states: "Absent the issuance of an order staying or limiting discovery, all discovery by or against a defendant must be completed within 120 days from the date of this order. All discovery motions must be filed within the same period." (*Id.* at PageID.160). Thus, November 17, 2016, was the deadline for completion of all discovery and the deadline for the filing of motions to compel. (*Id.*). The November 17, 2016, deadline has never been altered.

On or about July 26, 2016, plaintiff served a set of requests for production of documents on the Corizon defendants. (ECF No. 136-1, PageID.1464-66). On August 25, 2016, the Corizon defendants served their responses. (ECF No. 136-2, PageID.1467-77).

One day later, August 26, 2016, the Corizon defendants received a letter from plaintiff dated August 23, 2016 (ECF No. 136-3, PageID.1478), in which plaintiff asked the Corizon defendants to "disregard" the discovery that they had answered on August 25, 2016, and he enclosed what he described as "substitute[]" discovery requests. (*Id.*). The second paragraph of plaintiff's letter mentions settlement

discussions and his claims in another lawsuit against Corizon and others regarding how frequently plaintiff can obtain refills of a prescribed "rescue inhaler."[4]

On September 1, 2016, counsel for the Corizon defendants sent the following letter in response to plaintiff's August 23, 2016, correspondence:

Please accept this letter in response to your attempt to withdraw your prior discovery requests and your questions concerning settlement.

> In regard to discovery, by the time we received your letter, we had already substantively responded to your request for production of documents. We will not respond to your new Request for Production of Documents directed to our client Corizon Health, Inc. for the following reasons: (1) we have sought a motion for a stay of discovery on the merits of your claim against Corizon based on the highly objectionable nature of your requests and our pending motion on the issue of exhaustion; and (2) you have exceeded the requests under the CMO. We, at this time, decline to respond to the Interrogatories addressed to Corizon Health, Inc. as well.

> We will respond to the request for production directed toward Mr. Grahn to the extent such requests do not exceed the CMO. We have conducted an ESI search of Mr. Grahn's email per your request. Please find our supplemental responses to your prior discovery based on this new information.

> In regard to settlement, our client will not entertain your attempt to obtain relief regarding medical issues that are not the subject matter of this suit.

(ECF No. 136-5, PageID.1481).

---

[4]Plaintiff wrote: "In addition to the above, I also received your letter dated August 10th about my offer to settle this matter. I appreciate your response. However, I am confused about us not being able to reach a compromise, especially since I am willing to pay Corizon for the medication that I am seeking, like the 'rescue inhaler', for example." (ECF No. 136-3, PageID.1478).

On September 2, 2016, before the close of discovery, plaintiff filed a motion to compel against the Corizon defendants. (ECF No. 63). On March 1, 2017, the Court dismissed this motion and others without prejudice because the parties failed to comply with the requirements of Local Civil Rule 7.1(d). (ECF No. 109).

On April 10, 2017, plaintiff filed a motion to compel discovery. (ECF No. 125). This motion was untimely because the November 17, 2016, deadline for the filing of motions to compel has never been altered. However, plaintiff's motion will be indulgently construed as making an implicit request that his motion to compel be considered as timely.

On April 27, 2017, the Corizon defendants filed their response to plaintiff's motion to compel. (ECF No. 136). Defendants argue that plaintiff's motion should be denied "because (1) Plaintiff is attempting to withdraw a set of discovery after the Corizon Defendants had already answered that discovery; and (2) the discovery he seeks to compel is far beyond the scope of discovery, highly prejudicial and invasive, and with no relevance to this matter. In addition, plaintiff has included settlement discussions as part of his exhibits. Settlement negotiations are not subject to disclosure pursuant to Federal Rule of Evidence 408 and should be struck from the record." (*Id.* at PageID.1449).

On May 11, 2017, plaintiff filed a brief. (ECF No. 141). Part B of that brief (*Id.* at PageID.1585) is plaintiff's two-paragraph reply to the Corizon defendants' arguments:

> The Corizon Defendants also filed a response to Kitchen's motion to compel discovery (ECF No. 136, Pg ID.1449).  But Kitchen is asking that the motion [sic] be thrown out for the same reason that the response to Kitchen's motion for a protective order should be thrown out.  Quite simply, the response was filed untimely because the motion seeking more time was not properly filed.
>
> Moreover, the response is without merit in any event.  Their refusal to answer the August 23rd Discovery is so incredible that it is silly.  Both the July 26th and August 23rd Discovery is virtually the same, with exception to the August 23rd discovery cutting down on the extent of the information sought.  Hence, the Corizon Defendants would actually benefit from answering the August 23rd as opposed to the July 26th Discovery.

(*Id.*).  The above-quoted argument is notably lacking in citations to any supporting legal authority.  Further, defendants' brief (ECF No. 136) was not a motion. In addition, the Court has determined that attorney illness did provide good cause for granting the Corizon defendants' motion for an extension of time to file a brief in response to plaintiff's motion to compel.

Plaintiff asks the Court "to order the Corizon Defendants to respond to Kitchen's discovery requests dated August 23, 2016, or, in the alternative, provide more substantive responses to the discovery requests dated July 26, 2016."  (ECF No. 126, PageID.1315).   Plaintiff cites no authority under the Federal Rules of Civil Procedure that would permit him to direct the Corizon defendants to "disregard" the July 2016 discovery requests and "substitute" the August 2016 discovery requests. Plaintiff cannot be permitted to whipsaw the Corizon defendants by serving discovery requests, then purporting to withdraw those requests and substituting others after defendants provided a response to the first set, then ask as an alternative form of

relief, that the Court to compel defendants to provide "more substantive responses" to requests that plaintiff told the defendants to disregard. The July 26, 2016, discovery requests must be the starting point for the Court's analysis.

The case management order authorized "5 requests for production of documents for each opposing party." (ECF No. 28, PageID.160). There are two Corizon defendants. Thus, under the case management order, plaintiff was permitted a maximum total of ten requests for production against Corizon defendants, five against Corizon Health, Incorporated and five against Nurse Practitioner Corey Grahn. Plaintiff inexplicably served sixteen broadly worded requests for production against defendants. (ECF No. 136-1, PageID.1464-66). Defendants objected on several grounds. Plaintiff's July 26, 2016, requests for production are so broad that no discussion is necessary beyond sustaining defendants' objections that plaintiff's requests for production are unduly burdensome and are not proportional to the needs of this lawsuit. (ECF No. 136-2, PageID.1467-77).

Defendants' objection that plaintiff's August 23, 2016, requests for production exceed the number of requests authorized under the case management order (ECF No. 136-7, PageID.1485-88) is sustained.

In September 2016, the Corizon defendants served their responses to plaintiff's interrogatories. (ECF No. 136-8, PageID.1489-93; ECF No. 136-9, PageID.1495-99). Plaintiff's brief (ECF No. 126 at PageID.1318) fails to engage the substance of the answers or objections made to specific interrogatories. Plaintiff expresses general

dissatisfaction that the corporate defendant did not provide him with information that he wants regarding withdrawn or canceled contracts and other lawsuits filed against Corizon or its employees claiming deliberate indifference (*Id.*), but plaintiff fails to cite any supporting legal authority and he fails to provide developed arguments as to why the objections made to specific interrogatories should be overruled and the defendants should be compelled to answer. Notably, none of the interrogatories directed to the corporate defendant seeks information regarding whether Corizon had a policy, procedure, or custom, during the period at issue, that led to the inadequate treatment of plaintiff's shingles. Plaintiff's motion to compel will be denied.

4.  <u>Motion to Delay Ruling on the Corizon Defendants' Dispositive Motion</u>

On March 21, 2017, the Corizon defendants filed a motion for partial dismissal of plaintiff's First Amended Complaint under Rule 12(b)(6) for failure to state a claim and partial summary judgment based on the affirmative defense provided by 42 U.S.C. § 1997e(a). (ECF No. 115). The moving defendants seek dismissal under Rule 12(b)(6) of plaintiff's purported state law claims because they sound in medical malpractice and plaintiff has not complied with the requirements under Michigan law for bringing malpractice claims. Defendants argue that plaintiff's federal claims seeking to hold Corizon defendants vicariously liable for the actions of others should be dismissed for failure to state a claim upon which relief can be granted. In addition, the Corizon defendants seek summary judgment on plaintiff's claims

against Corizon and some of plaintiff's claims against Nurse Practitioner Grahn for plaintiff's failure to exhaust his available remedies through the MDOC's grievance process before he filed this lawsuit. (ECF No. 115 at 1195-96).

On April 10, 2017, plaintiff filed, labeled as, his "MOTION FOR PARTIAL DELAY OF RULING ON CORIZON DEFENDANTS' DISPOSITIVE MOTION PENDING DIOSCOVERY OR FOR THE COURT TO TAKE JUDICIAL NOTICE OF FACTS, & TO WAIVE COMPLIANCE WITH L. CIV. R. 7.1(d)." (ECF No. 123). Plaintiff invokes former Rule 56(f), now found at Rule 56(d). (ECF No. 123 at PageID.1306). Plaintiff does not seek a delay in the Court's consideration of the Corizon defendants' Rule 12(b)(6) motion. He is asking the Court to delay consideration of the summary judgment portion of the defendants' motion on his "quarantine claims" against the Corizon defendants. (ECF No. 124 at PageID.1309). He is seeking more time "to conduct discovery on the amount of movement that prisoners in segregation on medical isolation ha[d] within the facility where this incident took place, the Michigan Reformatory Facility (RMI)." (*Id.*). "In the alternative," plaintiff is asking the Court to "take judicial notice of prisoner movement within RMI's segregation housing unit. In addition, because of the limited time in which [plaintiff] had to file a supplemental response to the Corizon defendants' motion, [plaintiff] also ask[s] the Court to waive compliance with L. Civ. R. 7.1(d) with regard to this motion only." (ECF No. 124, PageID.1309).

Plaintiff's requests for "alternative" relief require very little discussion. The Court cannot take "judicial notice" of "prisoner movement within RMI's segregation housing unit" during the period at issue. This information is not a court record nor any other type of public record subject to judicial notice. *See, e.g.*, *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005) ("[I]n general a court may only take judicial notice of a public record whose existence or contents prove facts whose accuracy cannot reasonably be questioned."). Further, the Court does not find a sufficient basis to relieve plaintiff from the requirement that he comply with W.D. MICH. LCIVR 7.1(d). More than three months before the close of discovery, plaintiff had notice that the Corizon defendants would be seeking partial summary judgment based on his failure to exhaust his available administrative remedies. (ECF No. 42, PageID.414, 424-27, 430-31). Plaintiff elected not to conduct any discovery against the Corizon defendants related to exhaustion of available administrative remedies.

The Court finds no basis for granting plaintiff relief under Rule 56(d). The Sixth Circuit's recent decision in *Scadden v. Werner*, 677 F. App'x 996 (6th Cir. 2017) is instructive. The Court of Appeals noted that "Federal Rule of Civil Procedure 56(d) spells out how a non-movant should inform the court. The rule requires a nonmovant to show by affidavit or declaration that, 'for specified reasons, [he] cannot present facts essential to justify its opposition.' Then, 'the court *may*: (1) defer considering the motion or deny it; (2) allow time ... to take discovery; or (3) issue any other appropriate order.' " 677 F. App'x at 999 (quoting FED. R. CIV. P. 56(d))

(emphasis added).    The Sixth Circuit reiterated that the "need to comply with Rule 56(d) 'cannot be overemphasized.' "    677 F. App'x at 999 (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)).    It noted that, without a Rule 56(d) affidavit or declaration or a motion that gives the district court a chance to rule on the need for additional discovery, an appellate court would not normally address whether there was adequate time for discovery.    677 F. App'x at 999-1000; *see also Unan v. Lyon*, 853 F.3d 279, 292 (6th Cir. 2017) ("We have observed that filing an affidavit that complies with Rule 56(d) is essential, and that in the absence of such a motion or affidavit, this court will not normally address whether there was adequate time for discovery.") (citation and quotation omitted).

In addition, "even when a party properly presents a Rule 56(d) affidavit and a motion to extend discovery, the rule only provides that a court 'may' extend the discovery deadline.    Thus, [the Court of Appeals] reviews the decision 'under an abuse of discretion standard' and only reverse[s] if the decision denying further discovery was 'arbitrary, unjustifiable, or clearly unreasonable.' "    677 F. App'x at 1000 (quoting *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623-24 (6th Cir. 2014)). "In so reviewing, [the Sixth Circuit] look[s] to various factors but consider primarily whether the party seeking an extension was diligent in pursuing discovery."    677 F. App'x at 1000 (citations and quotations omitted); *see also Katz v. Village of Beverly Hills*, 677 F. App'x 232, 239 (6th Cir. 2017).    A non-moving party's "failure to comply with 56(d) is reason enough to conclude that the district court did not abuse its

discretion in granting the initial summary judgment motion, or denying his request for reconsideration, without allowing for more discovery." 677 F. App'x at 1000.

The affidavit that plaintiff filed in support of his motion is deficient. Rather than swearing under penalty of perjury that his statements are true and correct, plaintiff has interjected the limitations that his statements are true "to the best of [his] knowledge, information and belief." (ECF No. 128, PageID.1369). However, even assuming that the affidavit had been adequate, plaintiff would not be entitled to a stay or additional discovery related to exhaustion of his administrative remedies. It was evident months before the close of discovery that exhaustion was going to be an issue in this case. Plaintiff was not diligent in pursuing discovery related to the exhaustion of his available administrative remedies and no other factor or combination of factors warrants delaying consideration of the summary judgment portion of the Corizon defendants' motion or any other relief authorized under Rule 56(d). Plaintiff's motion will be denied.

5. <u>Motion for Leave to File Surreply Briefs</u>

On May 25, 2017, the Corizon defendants filed a motion for leave to file "SUR-REPLIES to PLAINTIFF'S REPLIES [DKT, 139, 141]." (ECF No. 143). Plaintiff opposes the motion. (ECF No. 149). Defendants' motion was not supported by proposed surreply briefs or arguments stating with precision what issues defendants sought to address. The existing briefing is sufficient. Defendants' motion will be denied.

6. Motion for a Teleconference

On April 11, 2017, the Corizon defendants filed a third motion for a teleconference asking the Court to establish new litigation deadlines and to resolve outstanding discovery issues. (ECF No. 130). There is no need for a teleconference. All the pending motions have been addressed. Defendants' motion will be denied.

Defendants are correct that deadlines specified in the initial case management order have passed. The Court will be entering a second case management order after Judge Maloney has had an opportunity to consider the report and recommendation, which was filed this date, regarding the pending dispositive motions. (*See* ECF No. 151).

7. Motion Regarding Service

On May 26, 2017, plaintiff filed a motion with the following caption: "PLAINTIFF'S MOTION TO EXTEND SUMMONS & FOR SUBSTITUTED SERVICE ON DEFENDANTS DOYLE & SCHULTZ." (ECF No. 145). Plaintiff asks that the Court allow service on Assistant Attorney Allan J. Sorros. (*Id.*).

Defendants Doctor Thomas J. Doyle and (unknown) Schultz, R.N. have never been served or otherwise appeared in this lawsuit. Three attempts to achieve service through the waiver of service process proved unsuccessful. (ECF No. 146-1, PageID.1610-11). On September 9, 2016, the Court issued summonses for defendants Doyle and Schultz. On September 26, 2016, the United States Marshal

returned an unexecuted summons for defendant Schultz, followed three days later by the return of the unexecuted summons for defendant Doyle. (ECF No. 81, 82).

On December 2, 2016, defendant filed a motion for extensions of the life of the summonses and he asked that substituted service be allowed on the attorneys of record, Ronald W. Chapman and Allan J. Soros. (ECF No. 105). Plaintiff did not comply with the requirements of W.D. MICH. LCIvR 7.1(d) before he filed this motion. Attorney Soros did not file any response on behalf of the MDOC defendants. The Corizon defendants are represented by the Chapman Law Group and Attorney Ronald W. Chapman, Sr. On December 15, 2016, the Corizon defendants filed their brief in opposition to plaintiff's motion. (ECF No. 108). Among other things, the Corizon defendants advised that Nurse Schulz was "not a current or former Corizon employee." (*Id.* at PageID.1047). The Chapman firm "does not represent MDOC nurses (as versus nurse practitioners) because they are employed by the MDOC." (*Id.*). "Corizon did not and does not employ Dr. Doyle, an optometrist. An entirely different company, called Institutional Eye Care, provides optometrists to the MDOC." (*Id.*). The body of the Corizon defendants' brief concluded with the following sentence: "Corizon can provide under seal to the Court the address for Institutional Eye Care, but cannot accept service or ensure that, if the undersigned is served, that notice can be provided to Dr. Doyle." (*Id.*). On March 1, 2017, the Court entered an order dismissing plaintiff's motion and eighteen other motions

without prejudice because the parties had not complied with the requirements or Rule 7.1(d). (ECF No. 109).

On May 26, 2017, plaintiff filed his revised motion regarding extending the life of the summonses for defendants Schultz and Doyle. This motion eliminated plaintiff's request for substituted service on the attorney for the Corizon defendants. Plaintiff asks the Court to "extend the life of the summons and to permit substituted service of the summons and complaint for Defendants Doyle and Schultz on Attorney Allan J. Sorros." (ECF No. 146 at PageID.1603). Attorney Sorros again elected not to file a response on behalf of the MDOC defendants. The Corizon defendants filed a brief in response to plaintiff's motion in which they "adopt[ed] their response to Plaintiff's original Motion." (ECF No. 148 at PageID.1618). The Corizon defendants ask that if the Court does elect to extend the summons to serve Schultz and Doyle, "that the extension be for a discrete period of time, such as sixty days." (*Id.*).

Upon review, plaintiff's motion will be granted in part and denied in part. The summons life of each summons will be extended to January 9, 2018. The Clerk will be directed to send the extended summonses to U.S. Marshals Service. Plaintiff's request for substituted service will be denied. The MDOC will be ordered to provide the U.S. Marshals Service with last known address for defendants Schultz and Doyle to allow for another attempt at serving the summons and plaintiff's First Amended Complaint on Dr. Doyle. Attorney Chapman will be directed to provide the U.S.

Marshals Service with the address for Institutional Eye Care to allow for an attempt at serving the summons and plaintiff's First Amended Complaint on Dr. Doyle at that location.

## Conclusion

For the reasons set forth herein, the Corizon defendants' motion for an extension of time to file responses to plaintiff's motions based on attorney illness (ECF No. 131) will be granted and the briefs that they have filed (ECF No. 134-37) will be deemed timely. Plaintiff's motion for a protective order (ECF No. 120) will be granted in part and denied in part, and a qualified protective order will be entered. Plaintiff will be ordered to sign the release granting the Corizon defendants access to the requested MDOC records regarding plaintiff for the period from September 1, 2013, to the present. Plaintiff's motions (ECF No. 123, 125) will be denied. Defendants' motions (ECF No. 130, 143) will be denied. Plaintiff's motion for service regarding defendants Doyle and Schultz (ECF No. 145) will be granted in part and denied in part.

Date:   November 10, 2017                          /s/ Phillip J. Green
                                                    PHILLIP J. GREEN
                                                    United States Magistrate Judge