UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| MICHAEL ANDREW KITCHEN, | ) | |
|---|---|---|
| PLAINTIFF, | ) | |
| | ) | NO. 1:16-CV-190 |
| -V- | ) | |
| | ) | HONORABLE PAUL L. MALONEY |
| CORIZON HEALTH INC., ET AL., | ) | |
| DEFENDANTS. | ) | |
| | ) | |

# OPINION

## I. Background and Procedural Posture

This is a civil rights action brought by a *pro se* state prisoner under 42 U.S.C. § 1983. The suit arises out of the conditions of Plaintiff's confinement at Michigan Reformatory. He alleges that he suffered from an "inexplicable delay in providing and subsequent denial of medical care." (ECF No. 155 at PageID.1685.) The Court dismissed a number of parties from the suit after conducting an initial screening and ordered service on Corizon Health Incorporated, Corey Grahn, Anthony Croll, Teri Byrne, Heidi Slusher, Unknown Schultz, and Thomas Doyle for Plaintiff's Eighth Amendment claim and intentional infliction of emotional distress. (ECF Nos. 10, 11.)

Croll, Byrne, and Slusher work for the Michigan Department of Corrections (for purposes of this opinion, the "MDOC Defendants").[1] Grahn is employed by Corizon Health Incorporated (together, "the Corizon Defendants").

---

[1] Schultz and Doyle also work for MDOC, but service was only recently achieved on Doyle. (ECF No. 158.) Schultz has not been served.

Both the Corizon Defendants and MDOC Defendants have filed dispositive motions. The MDOC defendants seek summary judgment based on a failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). (ECF No. 110.) Corizon Defendants also seek summary judgment pursuant to 42 U.S.C. § 1997e(a) and also seek dismissal of Plaintiff's First Amendment claim pursuant to Federal Rule Of Civil Procedure 12(b)(6). (ECF No. 115.)

On November 11, 2017, United States Magistrate Judge Phillip J. Green issued a Report & Recommendation ("R & R"). (ECF No. 151.) He recommends that the Corizon Defendants' motion for partial dismissal under Rule 12(b)(6) be granted—Judge Green concluded that Plaintiff's claims for ordinary negligence, intentional infliction of emotional distress, abuse of process and unlawful imprisonment sounded in Michigan medical malpractice, and also that the Corizon Defendants could not be vicariously liable for others' constitutional violations under § 1983. Next, Judge Green recommended that the MDOC Defendants motion for summary judgment be denied because he concluded that Plaintiff had exhausted his administrative remedies as to them. Finally, he recommended that summary judgment be granted to Corizon Health Incorporated for failure to exhaust, but denied as to Grahn. Judge Green also recommended that Plaintiff's state law claims against all Defendants be dismissed under the authority granted by 28 U.S.C. § 1915(e)(2), 1915A.

In sum, Judge Green recommended that Plaintiff's claims against the MDOC Defendants and Corizon Defendant Grahn be allowed to proceed under section 1983 on a theory that they were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights.

Judge Green also filed a separate opinion and related order on November 10 disposing of a smattering of other motions not related to the Defendants' dispositive motions:

- Plaintiff's motion for a protective order (ECF No. 120)

- Plaintiff's motion requesting a "partial delay" of the Court's ruling on the Corizon defendants' dispositive motion pending discovery . . . (ECF No. 123)

- Plaintiff's motion to compel (ECF No. 125)

- the Corizon Defendants' third motion for a teleconference (ECF No. 130)

- the Corizon defendants' motion for a brief extension of time to file responses to plaintiff's motions because the attorney responsible for drafting the responses was ill (ECF No. 131)

- the Corizon defendants' motion for leave to file surreply briefs (ECF No. 143), and

- Plaintiff's motion regarding service on defendants Doyle and Schultz (ECF No. 145).

(ECF Nos. 152, 153.) In the opinion, Judge Green first denied Plaintiff's motion for a protective order. Plaintiff sought to limit the release of his medical records to Corizon essentially to the exact timeframe that gave rise to the suit—the onset of shingles in May of 2015. Corizon sought Plaintiff's medical records dating back to 2012. Judge Green concluded that neither party presented compelling evidence for their requested date range and ordered Plaintiff to grant the Corizon Defendants access to his requested MDOC medical records from September 1, 2013 to the present.

Judge Green also denied Plaintiff's motion to compel Corizon to answer a request for the production of documents. Plaintiff served a request for documents on July 26, 2016 (the "July RFP"). Corizon answered the July RFP on August 25, 2016. The day after answering the discovery, Corizon received a letter from Plaintiff asking it to disregard the July RFP

3

(which it had answered) and instead answer the "substitute discovery requests" (the "August RFP"). Corizon largely refused, citing the limitations imposed by the Case Management Order and claiming that the requests were overbroad. However, Corizon did respond to the portion of the August RFP that was directed towards Grahn and that it deemed did not violate the CMO. Plaintiff filed a motion to compel the Corizon Defendants to respond to the August RFP in September of 2016. It was dismissed without prejudice for failure to comply with the requirements of Local Civil Rule 7.1(d) in March of 2017. Plaintiff filed a second motion to compel discovery in April of 2017—5 months after the deadline for such motions. Corizon Defendants filed a response, and Plaintiff filed a reply dealing with multiple other issues but devoting two paragraphs to the motion to compel. Judge Green "indulgently construed" the motion as making an implicit request to be considered as timely but concluded that "Plaintiff inexplicably served sixteen broadly worded requests for production against defendants[]" in violation of the CMO-mandated limit of ten. Judge Green also flatly stated that Plaintiff's July RFP was "so broad that no discussion is necessary beyond sustaining defendants' objections that plaintiffs requests for production are unduly burdensome and are not proportional to the needs of this lawsuit." Accordingly, the Court rejected Plaintiff's motion to compel. Judge Green continued with admirable patience and dispatched with the bevy of other outstanding motions as well, and those decisions have not been challenged by any party.

The matter is now before the Court on Plaintiff's Appeal from Judge Green's Opinion and Objections to the R & R. (ECF No. 155.) The Corizon Defendants filed a response to

Plaintiff's Objections. The MDOC Defendants have not filed a response to either the Opinion (ECF No. 152) or the R & R (ECF No. 151).

## II. Legal Framework

A. Appeals from Non-Dispositive Opinions and Orders

Orders of magistrate judges on non-dispositive matters can be appealed under 28 U.S.C. § 636(b)(1)(A). *See also* W.D. Mich. LCivR 72.3(a). Legal conclusions are set aside if they are contrary to law. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980).

B. Objections to the R & R

The Court is required to make a de novo determination of those portions of the R & R to which specific objections have been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

## III. Discussion

Plaintiff's first two challenges related to Judge Green's Opinion (ECF No. 152), so the Court will review determine whether Judge Green's conclusions were contrary to law. *Curtis*, 237 F.3d at 603.

Plaintiff argues that the Court erred by denying his motion for a protective order and requiring that he grant the Corizon Defendants access to his medical records. (ECF No. 155

at PageID.1686–87.) He first claims that the issue is "moot" because the records have already been ordered to be released in another case within the District. *See Kitchen v. Corizon*, No. 1-16-cv-1068, ECF No. 112 at PageID.1050 (W.D. Mich. Nov. 12, 2017). This argument does not withstand the barest scrutiny. Different aspects of Plaintiff's health are at issue in each case, and the Corizon Defendants need not rely on an order from an unrelated case to access Plaintiff's relevant medical records here. For example, if the other case settled or was dismissed, Corizon's access to the records would cease, and it would be unable to continue review of them for the instant case.

Second, Judge Green's order compelling Plaintiff to grant the Corizon Defendants the relevant medical records is not contrary to law because the Health Insurance Portability and Accountability Act (HIPAA) explicitly allows for the production of medical records in judicial proceedings if used only for litigation purposes and returned or destroyed at the close of litigation. 42 C.F.R. § 164.512(e). Judge Green's order was not a "wholesale release" of Plaintiff's medical records and it did not grant Corizon Defendants "unfettered access" to the records as Plaintiff alleges. As the Corizon Defendants note, Judge Green's order granted them access to a significantly smaller portion of Plaintiff's medical records than they had requested. Thus, Plaintiff's arguments based on the protections granted by HIPAA are misguided and without any legal support. Judge Green's order was not contrary to law.

Plaintiff next argues that Judge Green erred by denying his motion to compel responses to his August RFP because it exceeded the scope of the CMO and was overbroad. (ECF No. 155 at PageID.1687–89.)

Plaintiff takes a scattershot approach to challenging this ruling. He claims the issue is "silly and much ado about nothing" and accuses Judge Green of "playing games." (*Id.*)

He also says that as a *pro se* plaintiff, he is not required to cite legal authorities for his discovery requests. (*Id.*) Well, not exactly. The Federal Rules of Civil Procedure bind even *pro se* individuals. *See, e.g., Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991) (finding dismissal appropriate based on the pro se plaintiff's clear pattern of delay, including failure to adhere to two extensions of deadlines); *Jackson v. Dep't of Human Servs.*, No. 3:09-cv-38, 2010 WL 3491165, at *2 (M.D. Tenn. Aug. 31, 2010) ("Even though Plaintiff is proceeding pro se, she is required to follow the Federal Rules of Civil Procedure and the Local Rules like any other party represented by counsel."). While the Court is obligated to construe *pro se* filings *liberally*, it cannot and will not allow any party to disregard well-established legal standards in discovery.

The scope of discovery in all civil litigation in the federal courts is set by Federal Rule of Civil Procedure 26(b). That rule generally confines discovery to any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The standard is not whether a request is "tailored towards proving the claims" in a lawsuit, as Plaintiff argues. (ECF No. 155 at PageID.1688.) Plaintiff's proposed alternative standard meets only the first prong of the discoverable matters—relevance.

When applying the proper standard under Rule 26(b), it is apparent that Plaintiff's requests fall well outside of the needs of this case. For instance, requests for "any and all financial and/or bank statements and/or records depicting the years that . . . Corizon began to experience financial problems . . ." falls far beyond the scope of the narrow issues in this

7

case. (ECF No. 136-1 at PageID.1464.) Perhaps such records are conceivably *relevant* to Plaintiff's claims, but there is no doubt that they are overbroad.

Even if Plaintiff's request was proportional to the litigation, it still violated the CMO because it far exceeded the number of requests for production allotted, and the motion to compel was still filed out of time.

Accordingly, Judge Green's denial of Plaintiff's motion to compel Corizon to respond to the August RFP or to order Corizon to more fully respond to the July RFP was not contrary to law because the requests were not proportional to the dictates of the litigation under Rule 26(b), exceeded the CMO, and were untimely. The Court does not serve as a *pro se* party's advocate or counsel, *e.g.*, *McDaniels v. McKinna*, 96 F. App'x 575, 578 (10th Cir. 2004), so the Court also declines to order Judge Green to "make more of an effort" to discern Plaintiff's unexpressed intentions as requested. (ECF No. 155 at PageID.1689.)

Plaintiff's final two objections relate to the R & R and are owed de novo review. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). First, Plaintiff asserts that his claims for abuse of process and false imprisonment under Michigan state law against Defendant Grahn should not be dismissed.[2] He asserts that "Grahn improperly used the facility's process to confine Plaintiff in segregation for retaliatory purposes under the pretext of a medical quarantine." (*Id.*) Plaintiff's Amended Complaint alleges that he was not infectious, and was put in

---

[2] As Judge Green explained, these claims were dismissed with prejudice at the initial screening and have never been successfully revived by Plaintiff. Judge Green's recommendation is thus purely academic. The Court will take up the issues presented in an abundance of caution—if Plaintiff's claims could survive a Rule 12 motion, the Court would entertain a motion seeking leave to amend under Federal Rule of Civil Procedure 15(a)(2).

8

quarantine by Grahn because of a previous grievance he had filed against Grahn. He claims that this ostensible abuse of process claim is distinct from a claim for medical malpractice under Michigan law, but even if it is a medical malpractice claim, it would not require medical expert testimony. The Court cannot agree. Plaintiff's claim depends on whether or not he was contagious, constituting a risk to other prisoners or employees at a certain time. This issue of fact requires medical experts to give their opinions; it is well beyond the scope of lay jurors to opine on whether or not there is a risk of a certain person spreading shingles. Because Plaintiff's claims sound in medical malpractice, he is required to comply with the prerequisites imposed under Michigan law—such as producing an affidavit of merit signed by a healthcare professional. Plaintiff has not done so, requiring dismissal of the claims. *See, e.g., Hamer v. County of Kent*, No. 1-13-cv-504, 2013 WL 8479414, at *9 (W.D. Mich. Nov. 6, 2013). Accordingly, Plaintiff cannot achieve the relief he seeks on his abuse of process and false imprisonment claims against Defendant Grahn. Thus, Judge Green did not err by recommending the Court grant the Corizon Defendants' Rule 12 motion.

Finally, Plaintiff argues that he properly exhausted his claims against Corizon Incorporated because it was named in Grievance No. RMI-15-11-2583-12G3. (ECF No. 155 at PageId.1690). However, Plaintiff filed suit months before this grievance reached Step III (ECF No. 54-1), rendering it unexhausted. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Accordingly, Judge Green did not err by granting summary judgment to Corizon under 42 U.S.C. § 1997e(a).

IV. Conclusion

In sum, the Court will affirm Judge Green's November 10 opinion and order (ECF Nos. 152, 153) and overrule Plaintiff's objections to the November 10 Report and Recommendation (ECF No. 151).

## ORDER

For the reasons in the accompanying opinion, **IT IS ORDERED** that the November 10, 2017 R & R (ECF No. 151) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objections to the R&R (ECF No. 155) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Court's November 10, 2017 Opinion (ECF No. 152) is AFFIRMED and Plaintiff's Appeal is OVERRULED.

**IT IS FURTHER ORDERED** that the MDOC Defendants' motion for summary judgment (ECF No. 42) is **DENIED.**

**IT IS FURTHER ORDERED** that Corizon Defendants' motion for summary judgment is **GRANTED** as to Corizon Health Incorporated and **DENIED** as to Corey Grahn.

**IT IS FURTHER ORDERED** that the Corizon Defendants' Rule 12 motion is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2), 1915A.

**Date:** January 4, 2018          /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge