UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MICHAEL ANDREW KITCHEN,  )
# 189265,  )
 )
          Plaintiff,  )   Case No. 1:16-cv-190
 )
v.  )   Honorable Paul L. Maloney
 )
COREY GRAHN, et al.,  )
 )
          Defendants.  )
_____ )

**REPORT AND RECOMMENDATION**

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The matter is before the Court on a motion by defendant Corey Grahn seeking dismissal of all plaintiff's claims against him under Rule 37(b)(2) because plaintiff has not complied with the Court's November 10, 2017, Order.[1] (ECF No. 181). Plaintiff opposes defendant's motion. (ECF No. 191). For the reasons stated herein, I recommend that defendant's motion be granted and that all plaintiff's claims against defendant Grahn be dismissed with prejudice.

**Applicable Standards**

    Under the Federal Rules of Civil Procedure, the Court has discretion to impose a number of sanctions for violations of its discovery orders. See FED. R. CIV. P. 37(b)(2)(A). Rule 37(b) authorizes the imposition of sanctions for a party's failure to

---

[1] Corizon Health, Inc. is listed as a moving party (ECF No. 181 at PageID.1913), but all plaintiff's claims against it were dismissed before the motion was filed.

obey an order requiring discovery. Rule 37(b) sanctions are reviewed by the Court of Appeals under an abuse-of-discretion standard. See *Universal Health Group v. Allstate Ins. Co.*, 703 F. 3d 953, 955-56 (6th Cir. 2013); *Freeland v. Amigo*, 103 F.3d 1271, 1276 (6th Cir. 1997). The strongest sanction available in the Court's arsenal for dealing with discovery abuses is the entry of a default judgment against a defendant or an order of dismissal against a plaintiff. *See Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008). In determining the appropriate sanction, the Sixth Circuit has directed trial courts to consider four factors: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered. *Universal Health Group*, 703 F.3d at 956. "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). "Contumacious conduct is behavior that is perverse in resisting authority and stubbornly disobedient." *Barron v. Univ. of Mich.*, 613 F. App'x 480, 484 (6th Cir. 2015) (citations and quotations omitted).

### **Proposed Findings of Fact**

On November 10, 2017, the Court entered the following Order:

> [P]laintiff is ordered to sign the release granting the Corizon defendants access to all the requested MDOC records regarding plaintiff from

-2-

September 1, 2013, to the present.  Plaintiff is required to sign the release (ECF No. 79-3, PageID.815) on or before **November 27, 2017**, with no modification other than changing the beginning date to September 1, 2013.  On or before **November 27, 2017**, plaintiff must mail the executed release to the attorney for the Corizon defendants and file a proof of service of same with the Court.   If plaintiff fails to comply with any aspect of this order, a report and recommendation will enter recommending the dismissal of all plaintiff's claims against the Corizon defendants with prejudice.

(Order at 1-2, ECF No. 153, PageID.1680-81).

## Discussion

Plaintiff has violated the Court's order and his actions rise to the level of contumacious conduct.   Plaintiff is simply wrong when he claims that the only thing the Court ordered was his signature.   (Plf. Brief at 3-5, ECF No. 191 at PageID.2012-14).   When plaintiff omitted the required witness signature, he did not sign the release in a manner "*granting the Corizon defendants access to all the requested MDOC records regarding plaintiff from September 1, 2013, to the present.*"   (Order at 1, ECF No. 153, PageID.1680) (emphasis added).

Plaintiff's argument that the Court "did not directly address the Mental Health records" and "never intended the mental health records to be released" (Plf. Brief at 6, ECF No. 191 at PageID.2015) is patently meritless.  The Court plainly ordered the release of both medical and mental health records as specified on the release form. (Order at 1, ECF No. 153, PageID.1680) (citing ECF No. 79-3, PageID.815).

The Court ordered plaintiff not to make any modifications to the scope of the release beyond "changing the beginning date to September 1, 2013."   (Order at 1,

ECF No. 153, PageID.1680). In direct violation of the Court's order, plaintiff added the limitations that an order signed by the district judge was required and plaintiff added exclusions regarding mental health records:

> This authorization does not include the release of any Mental Health Records, or any psychological reports or records contained within Medical Records, pertaining to Michael A. Kitchen (#189265). Further this request is valid only if accompanied by an order signed by District Judge Paul L. Maloney ordering the release of the medical records.

(ECF No. 181-1, PageID.1927).

Plaintiff's timely compliance with the November 10, 2017, Order was required. "A magistrate judge's order on a non-dispositive matter is effective when entered, and the filing of objections to a magistrate judge's order on a non-dispositive matter does not automatically stay the order's operation." *Johnson v. Jondreau*, No. 2:13-cv-260, 2015 WL 5749737, at *1 (W.D. Mich. Sept. 30, 2015). "Plaintiff['s] position is based on the unsupported and unsupportable assumption that the filing of objections to the magistrate judge's order on a nondispositive matter stays the order's operation. The law is precisely to the contrary." *City of Holland v. Federated Ins. Co.*, No. 1:13-cv-1097, 2014 WL 2557124, at *1 (W.D. Mich. June 6, 2014) (collecting cases); *see Pogue v. Northwestern Mut. Ins. Co.*, No. 3:14-cv-598, 2016 WL 3546395, at *2 (W.D. Ky. June 23, 2016) ("Neither filing objections to an order entered by a magistrate judge nor filing a motion to stay enforcement of the order relieves a party of its obligation to comply with the order.").

In early January 2018, Judge Maloney overruled plaintiff's objections to the

November 10, 2017, Order.  (Opinion and Order at 10, ECF No. 160, PageID.1734; Amended Order at 1, ECF No. 163, PageID.1815).  Plaintiff not only violated the November 10, 2017, Order, he remains in violation of Judge Maloney's Amended Order entered on January 9, 2018.  (Amended Order at 1, ECF No. 163, PageID.1815).  When defendant advised plaintiff that Judge Maloney had overruled his objections (ECF No. 181-2, PageID.1928), plaintiff still did not comply.  Instead, plaintiff stated that defendant was "free to ask the Court for intervention once again," and that he would "deal with whatever order that the Court issues."  (ECF No. 181-3, PageID.1929).

Defendant Grahn has clearly been prejudiced by plaintiff's actions.  It is nearly five months past the deadline established by the Court's November 10, 2017, Order and plaintiff persists in depriving defendant access to documents to which he is entitled.

Plaintiff received an express warning:  "If plaintiff fails to comply with any aspect of this order, a report and recommendation will enter recommending the dismissal of all plaintiff's claims against the Corizon defendants with prejudice." (Order at 1-2, ECF No. 153, PageID.1680-81).

The Court has considered the possibility of lesser sanctions, but finds that on this record, the sanction of dismissal is appropriate.  Plaintiff has unilaterally impeded defendant's ability to proceed and the ability of the Court to adjudicate this matter on its merits.  The imposition of preclusive sanctions is fully justified.

## **Recommended Disposition**

For the foregoing reasons, I recommend that defendants' motion (ECF No. 181) be granted and that all plaintiff's claims against defendant Grahn be dismissed with prejudice.


Dated:   April 23, 2018             /s/   Phillip J. Green
                                    PHILLIP J. GREEN
                                    United States Magistrate Judge


## **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.   28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).   All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).   Failure to file timely and specific objections may constitute a waiver of any further right of appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).   General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).