UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANDREW KITCHEN,      )
     PLAINTIFF,            )
                           )    NO. 1:16-CV-190
-V-                      )
                           )    HONORABLE PAUL L. MALONEY
CORIZON HEALTH INC., ET AL.,    )
     DEFENDANTS.        )
                           )

## OPINION

This matter is before the Court on a number of distinct but interrelated motions. First, Plaintiff Michael Kitchen filed a motion for reconsideration of the Court's dismissal of his state law claims against Defendant Corey Grahn. (ECF No. 165).

Then, Defendants Grahn and Corizon Health Incorporated filed a motion to dismiss Plaintiff's claims against them for failure to comply with the Court's discovery orders. (ECF No. 181).[1] The matter was referred to the magistrate judge, who issued an R & R recommending that the motion be granted. (ECF No. 200.) Plaintiff filed objections (ECF No. 205) and a separate motion for an evidentiary hearing on his objections. (ECF No. 207.)

Plaintiff also appeals the magistrate judge's orders granting the Corizon Defendants' motion to quash Plaintiff's subpoena for discovery and denying his motion to enforce the subpoena. (ECF No. 206.)

---

[1] Corizon Health Incorporated appears as a moving party on this motion, but it was dismissed as a party upon the Court adopting the Report and Recommendation of the magistrate judge in an Opinion and Order dated January 4, 2018. The Court will refer to the motion is Grahn's Motion to Dismiss.

## I.

Orders of magistrate judges on non-dispositive matters can be appealed under 28 U.S.C. § 636(b)(1)(A). *See also* W.D. Mich. LCivR 72.3(a). Legal conclusions are set aside if they are contrary to law. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980).

The Court is required to make a de novo determination of those portions of the R & R to which specific objections have been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

## II.

The Court will first take up Plaintiff's objections to the R & R because, if adopted, Defendant Grahn will be dismissed, and the other discovery-related disputes that remain outstanding will become moot because neither Corizon Health Incorporated nor Grahn will be parties to the action.

On November 10, 2017, the magistrate judge entered an Order requiring Plaintiff to sign a release on or before November 27, 2017 that would grant the Corizon Defendants access to his requested MDOC medical records from September 1, 2013 to the present. (ECF No. 153 at PageID.1680–81.) The Court specifically warned Plaintiff that "if he fail[ed]

to comply with any aspect of [the] order," the Court would issue an R & R recommending dismissal of his claims against the Corizon Defendants. (*Id.*)

Plaintiff's next step was to complete the release granting Corizon acces to the court-ordered medical records. But that's not quite what happened.

Plaintiff unilaterally determined that the scope of the release should not include his mental health records, so he added a sentence stating, "This authorization does not include the release of any Mental Health records, or any psychological reports or records contained with Medical Records, pertaining to Michael A. Kitchen (#189265)." Plaintiff's action plainly contradicted the Court's prior order that required the release of both medical and mental health records, and the instruction that Plaintiff "was not to make any modifications to the scope of the release." (ECF No. 153 at PageID.1680.)

Plaintiff also inserted a second condition into the release. He wrote, "[T]his request is valid only if accompanied by an order signed by District Judge Paul L. Maloney ordering the release of the medical records." (ECF No. 181 at PageID.1927.)

He also failed to obtain a non-prisoner witness signature, as the release allegedly required.

Counsel for the Corizon Defendants wrote to Plaintiff to request that he complete the release and remove all of the extra language limiting the authorization. (ECF No. 181-2.) Plaintiff responded that the authorization complied with the Court order:

> **As you requested, the Court directed me to sign that authorization, and I did so.** This is the first time that I've heard anything about a witness signature; for over a year you never requested one be provided, and the Court did not order me to have a witness sign it. As for the minor alterations to the release, that was done to carry out the Court's order.

3

(ECF No. 181-3 (emphasis added).)

Plaintiff then attempted to use the witness signature to extract help from Corizon in a unrelated dispute he was having with MDOC:

> I would be willing to work with you, however. But, I need your client's help in return. If Corizon (would) contact this facility and see that prison medical officials grant my request to access my Complete Health Record as stated in my recent subpoena, then I will meet with my lawyer to see if I can get him to help me execute another medical authorization to carry out your wishes, so long as they (are) within reason.

(*Id.*)

Approximately two months later, the Court overruled Plaintiff's objections to the November 10, 2017 Order. (ECF No. 160.) But after being informed that his objections were overruled, Plaintiff continued to violate that order, as well as the Court's January 9, 2018 Order. Instead, plaintiff stated that defendant was "free to ask the Court for intervention once again," and that he would "deal with whatever order that the Court issues." (ECF No. 181-3, PageID.1929).

The magistrate judge issued an R & R recommending that Grahn's motion to dismiss be granted under Rule 37(b)(2)(A) based on the facts outlined above.

"'(I)f a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion.'" *Stamec, Inc. v. Anson*, 195 F. App'x. 473, 477 (6th Cir. 2006) (quoting *Regional Refuse Systems*, 842 F.2d 150, 155 (6th Cir. 1988) (*superseded on other grounds*)). Four factors are considered when determining whether dismissal is an appropriate sanction: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to

dismissal; and (4) whether less dramatic sanctions were imposed or considered before dismissal. *Id.*

The magistrate judge concluded that Plaintiff intentionally refused to cooperate with discovery, had received an express warning that failure to comply would result in dismissal of his claims, that Defendant Grahn had been prejudiced by Plaintiff's actions, and that dismissal was entirely appropriate, even after considering lesser sanctions. (ECF No. 200 at PageID.2056–57.) Thus, the factors weighed in favor of dismissal. (*Id.*)

Plaintiff objects to the R & R on several grounds. (ECF No. 205.) He asserts, without any basis, that he was "set up," that the record does not support dismissal as a discovery sanction, and that he complied with the Court's orders. (*Id.*)

Plaintiff's objections are utterly without merit. First, Plaintiff claims that the magistrate judge harbored bias toward him and ruled unfairly, so the discovery sanctions should be set aside. This is frivolous. Plaintiff has not identified any rulings by the magistrate judge that demonstrate any bias or unfairness. In fact, the Court has affirmed numerous rulings by the magistrate judge in the case. (*See* ECF No. 160.) Plaintiff also argues that the magistrate judge acted unfairly when instructing him that failure to sign the medical release authorization would result in dismissal. Instructing a litigant on the consequences of flouting court orders is not improper. In fact, warnings are necessary before dismissal of claims as a discovery sanction. *Stamec Inc,* 195 F. App'x at 477.

Plaintiff next claims that the record does not support the magistrate judge's recommendation of dismissal. Plaintiff focuses his energy on arguing that MDOC policy did not require a non-prisoner witness signature. He wholly ignores his unilateral change in the

scope of release or his added condition that the authorization be accompanied by an order of the undersigned, effectively ignoring the magistrate judge's order.

Plaintiff's modification of the release—in direct contravention of the magistrate judge's order—and his subsequent refusal to comply with the order support the conclusion that dismissal with prejudice is warranted. "A magistrate judge's order on a non-dispositive matter is effective when entered, and the filing of objections to a magistrate judge's order on a non-dispositive matter does not automatically stay the order's operation." *Johnson v. Jondreau*, No. 2:13-cv-260, 2015 WL 5749737, at *1 (W.D. Mich. Sept. 30, 2015).

So too does the prejudice experienced by Defendant Grahn—he first requested Plaintiff's medical records in August of 2016 and has been stonewalled by Plaintiff's obstinance for more than 18 months. As previously discussed, the magistrate judge's explicit, unequivocal warning that Plaintiff's claims would be subject to dismissal should he fail to comply with the November 10 Order is further support.

Finally, the magistrate judge clearly expressed that he had considered lesser sanctions, but found that in light of Plaintiff's sufficiently egregious course of conduct, dismissal was appropriate. (ECF No. 200 at PageID.2056.) Thus, the record before the Court overwhelmingly supports the magistrate judge's recommendation of dismissal.

Kitchen lastly mounts a half-hearted attempt to argue that he actually did comply with the Court's order. Again, this is a patently false and frivolous argument. The plain, unmistakable language of the November 10, 2017 Order instructed him to modify only the date range for the authorization of his records and complete the authorization granting Corizon access to the records within the date range. Plaintiff then took it upon himself to

narrow the scope of the release to exclude his mental health records—despite claiming damages for mental distress in his complaint—and include a second condition that effectively voided the magistrate judge's order and conditioned the release on an order from the undersigned. Plaintiff's violation of the November 10, 2017 order could not be any more plain.

As one final matter, the Court will address Plaintiff's motion for an evidentiary hearing on his objections. (ECF Nos. 206, 207.) Plaintiff contends that he was justified in not having a witness sign the release form because MDOC policy does not require it. However, as the Court as already explained, Plaintiff violated the Court's November 10, 2017 order in a myriad of ways independent of the witness signature. An evidentiary hearing, for yet unknown witnesses, who would apparently testify that MDOC policy does not require a non-prisoner witness signature, is not necessary to resolve Plaintiff's objections. Accordingly, the motion (ECF No. 207) for an evidentiary hearing on Plaintiff's objections will be denied.

**III.**

Accordingly, the Court concludes that Defendant Grahn's motion to dismiss will be granted, as recommended by the magistrate judge.

## ORDER

Based on the foregoing, the Court **DENIES** Plaintiff's motion (ECF No. 207) for an evidentiary hearing, **OVERRULES** Plaintiff's objections (ECF No. 205) to the R & R, and **ADOPTS** the R & R (ECF No. 200) as the Opinion of the Court.

Defendant Grahn's motion (ECF No. 181) to dismiss is **GRANTED.**

Defendant Corey Grahn is **DISMISSED** from this action **WITH PREJUDICE.**

Plaintiff's motion (ECF No. 165) for reconsideration is **DISMISSED AS MOOT.**

Plaintiff's Appeal to the District Court Judge (ECF No. 206) is **DISMISSED AS MOOT.**

**IT IS SO ORDERED.**

Date:  May 29, 2018                    /s/ Paul L. Maloney
                                       Paul L. Maloney
                                       United States District Judge