UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| MICHAEL ANDREW KITCHEN, # 189265, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ANTHONY CROLL, et al., | ) ) |
| Defendants. | ) ) |

Case No. 1:16-cv-190

Honorable Paul L. Maloney

## REPORT AND RECOMMENDATION

This is a civil rights action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983. On May 29, 2018, the Court entered an Opinion and Order dismissing plaintiff's claims against defendant Corey Grahn with prejudice under Rule 37(b) of the Federal Rules of Civil Procedure. (ECF No. 213). Claims against other defendants remain.

The matter is now before the Court on plaintiff's motion asking the Court to certify an interlocutory appeal under 28 U.S.C. § 1292(b). (ECF No. 218). For the reasons set forth herein, I recommend that the Court deny plaintiff's motion.

## Discussion

Plaintiff asks the Court to certify an interlocutory appeal because he "believes that the [May 29, 2018,] order was entered for inappropriate reasons or at least an exaggerated response to the discovery dispute." (ECF No. 219, PageID.2150). He

states that an interlocutory appeal will present "issues of first impression"[1] and "focus on the discovery dispute which led to the order." (*Id.*).

Under 28 U.S.C. § 1292(b), a "district court may certify an order for interlocutory appeal if it is 'of the opinion' that three conditions exist: '[1] the order involves a controlling question of law to which there is [2] substantial ground for difference of opinion and . . . [3] an immediate appeal may materially advance the termination of the litigation.'" *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (quoting 28 U.S.C. § 1292(b)). The Court's order dismissing plaintiff's claims against defendant Grahn as a discovery sanction under Rule 37(b) satisfies none of these requirements.[2] The Court's order is based on established law regarding Rule 37(b) sanctions, and there is no substantial ground for a difference of opinion. Certifying an interlocutory appeal would result in piecemeal litigation and unnecessarily delay resolution of this case.

The Sixth Circuit has emphasized that section 1292(b) "should be sparingly applied and is to be used only in exceptional cases." *In re Miedzianowski*, 735 F.3d

---

[1] Plaintiff's initial brief did not identify any purported issue of first impression. His reply brief states that "application of the Health Insurance and Portability Act to prisoner medical records seems to be an issue of first impression[.]" (ECF No. 229, PageID.2228). But plaintiff's putative interlocutory appeal would address the Court's dismissal of his claims against defendant Grahn under Rule 37(b), not HIPA. Mr. Grahn is correct that the Sixth Circuit has previously, and repeatedly, addressed dismissal as a Rule 37(b) sanction. (ECF No. 222, PageID.2168).

[2] Plaintiff cannot expand the scope of his motion through a reply brief, and his attempt to do so (ECF No. 229, PageID.2228-29) is disregarded. Plaintiff's motion is limited to "the order dismissing Defendant Corey Grahn." (ECF No. 218, PageID.2148).

383, 384 (6th Cir. 2013) (citation and quotation omitted).   This is not such a case.

## Recommended Disposition

For the reasons stated herein, I recommend that the Court deny plaintiff's motion.   (ECF No. 218).


Dated:   January 13, 2019                    /s/   Phillip J. Green
                                             PHILLIP J. GREEN
                                             United States Magistrate Judge


## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.   28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).   All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).   Failure to file timely and specific objections may constitute a waiver of any further right of appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).   General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).