UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| MICHAEL ANDREW KITCHEN, ) <br> # 189265, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANTHONY CROLL, et al., ) <br> ) <br> Defendants. ) <br> _____) | Case No. 1:16-cv-190 <br><br> Honorable Paul L. Maloney |

## REPORT AND RECOMMENDATION

This is a civil rights action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983. This lawsuit arises out of conditions of plaintiff's confinement in 2015 at the Michigan Reformatory. Plaintiff alleges that Registered Nurses Anthony Croll, Teri Byrne, Heidi Slusher and Unknown Schultz, and Optometrist Thomas Doyle failed to provide appropriate medical treatment for his shingles, in violation of his Eighth Amendment rights.[1]

The matter is now before the Court on a motion for summary judgment by defendants Slusher, Croll, and Byrne. (ECF No. 245). Plaintiff opposes the motion.[2] (ECF No. 253). For the reasons set forth herein, I recommend that the

---

[1] All other claims have been dismissed. (*See* ECF No. 10, 11, 16, 17, 160, 163, 213).
[2] Plaintiff's First Amended Complaint (ECF No. 40) is not verified under penalty of perjury such that it could be considered as his affidavit in opposition to defendants' motions for summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir.

Court dismiss all plaintiff's claims against defendant Unknown Schultz without prejudice for failure to achieve service. I further recommend that the Court grant the motion for summary judgment by defendants Slusher, Croll, and Byrne on all plaintiff's claims against them (ECF No. 245).[3]

## Applicable Standards

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

---

2008); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992). "Arguments in parties' briefs are not evidence." *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

[3] A separate order entered today directs Dr. Doyle to file an answer to plaintiff's First Amended Complaint.

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

### **Proposed Findings of Fact**

Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC). He was an inmate at the Michigan Reformatory (RMI), during the period at issue, May 2015. Registered Nurses Anthony Croll, Teri Byrne, and

Heidi Slusher, were MDOC employees at RMI during this period.  (Slusher Aff. ¶ 2, ECF No. 246-2, PageID.2307; Croll Aff. ¶ 2, ECF No. 246-3, PageID.2315; Byrne Aff. ¶ 2, ECF No. 246-4, PageID.2319).

On May 22, 2015, Nurse Slusher examined plaintiff regarding a rash on the right side of his forehead and a swollen right eye.  Plaintiff related that he first noticed the condition three days earlier, and he denied any pain.  Nurse Slusher found that plaintiff had "multiple fluid blisters, right eye sclera pink and eye lid swollen with drainage."  (Slusher Aff. ¶ 7, PageID.2307-08; ECF No. 246-2, PageID.2310).  Diagnosing medical conditions was beyond the scope of Nurse Slusher's practice, or that of the other registered nurse defendants.[4]

Nurse Slusher immediately contacted the on-site Medical Provider, Nurse Practitioner Grahn, and reported her observations.  Nurse Practitioner Grahn ordered a flueorsene eye stain test, which Nurse Slusher administered.  Nurse Practitioner Grahn also ordered Tobermycin drops, which Nurse Slusher issued to plaintiff with instructions for use.  Plaintiff was informed that an appointment would be scheduled with eye specialist Dr. Doyle on May 26, 2015, but he should contact healthcare if his symptoms worsened.  (Slusher Aff. ¶ 7 (second paragraph so numbered), PageID.2308; ECF No. 246-2, PageID.2311-12).

---

[4] Registered nurses do not diagnose medical conditions.  They are "responsible for treating inmates' chronic, acute, surgical, and medical needs during their incarceration; administrating direct patient care such as mediations and treatment; and any other duties ordered by medical staff."  (Slusher Aff. ¶¶ 4-5, PageID.2307; Croll Aff. ¶¶ 4-5, PageID.2315; Byrne Aff. ¶¶ 2319).

On May 23, 2015, Nurse Croll examined plaintiff regarding vision-related complaints. Plaintiff's visual acuity was 20/40 in his right eye, 20/20 in his left eye, and 20/20 for both eyes. When plaintiff returned on May 24, 2015, Nurse Croll found that plaintiff's visual acuity was 20/100 in his right eye, 20/15 in his left eye, and 20/20 for both eyes. (Croll Aff. ¶ 6, ECF No. 246-3, PageID.2315). Nurse Croll contacted the on-call medical provider, Nurse Practitioner Schad, and reported his observations. Nurse Croll was instructed that plaintiff should be transported to the local emergency room for further evaluation and treatment. Shortly thereafter, plaintiff was transported to a local emergency room. (*Id.* at ¶ 7, PageID.2315).

Plaintiff returned to RMI on May 28, 2015, at 7:44 p.m. He had been diagnosed with shingles at the hospital. Nurse Byrne, at the direction of the Nursing Supervisor, instructed the prison's custodial staff to place plaintiff in isolation/segregation until plaintiff could be examined and released by the Medical Provider (MP). Nurse Practitioner Grahn examined plaintiff at 7:45 a.m. the next day. (Byrne Aff. ¶¶ 6-7, PageID.2319-20; ECF No. 246-4, PageID.2322-25).

## Discussion

### I. Summary Judgment Motion by Defendants Slusher, Croll, and Byrne

#### A. Plaintiff's Request that the Court Defer a Decision

Plaintiff argues that he needs more discovery, and he asks the Court to defer ruling on defendants' motion for summary judgment. (ECF No. 253, PageID.2386-87). Plaintiff did not file a Rule 56(d) affidavit or declaration in support of this

request.  I recommend that plaintiff's request be denied because there is no basis for granting plaintiff relief under Rule 56(d).

The Sixth Circuit's decision in *Scadden v. Werner*, 677 F. App'x 996 (6th Cir. 2017) is instructive.  The Court of Appeals noted that "Federal Rule of Civil Procedure 56(d) spells out how a non-movant should inform the court.  The rule requires a nonmovant to show by affidavit or declaration that, 'for specified reasons, [he] cannot present facts essential to justify its opposition.'  Then, 'the court *may*: (1) defer considering the motion or deny it; (2) allow time . . . to take discovery; or (3) issue any other appropriate order.' " 677 F. App'x at 999 (quoting FED. R. CIV. P. 56(d)) (emphasis added).  The Sixth Circuit reiterated that the "need to comply with Rule 56(d) 'cannot be overemphasized.' " 677 F. App'x at 999 (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)).  It noted that, without a Rule 56(d) affidavit or a motion that gives the district court a chance to rule on the need for additional discovery, an appellate court would not normally address whether there was adequate time for discovery.  677 F. App'x at 999-1000; *see also Unan v. Lyon*, 853 F.3d 279, 292 (6th Cir. 2017) ("We have observed that filing an affidavit that complies with Rule 56(d) is essential, and that in the absence of such a motion or affidavit, this court will not normally address whether there was adequate time for discovery.") (citation and quotation omitted).

B. <u>Eighth Amendment</u>

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the Court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard: a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. "The plaintiff must show both that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and that the official acted with a culpable enough state of mind, rising above gross negligence." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). No reasonable trier of fact could find in plaintiff's

favor on the subjective component of Eighth Amendment claims against defendants Slusher, Croll, and Byrne.[5]

The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. An official "cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]" *Id.* at 837. "A doctor is not liable under the Eighth Amendment if he or she provides reasonable treatment, even if the outcome of the treatment is insufficient or even harmful." *Rhinehart*, 894 F.3d at 738. The judgments of medical professionals are entitled to deference. *Id.* The subjective component presents "a high bar that a plaintiff must clear to prove an Eighth Amendment medical needs claim: The doctor must have *consciously exposed* the patient to an *excessive risk* of *serious* harm." *Id.* at 738-39. (citation and quotation omitted).

The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a

---

[5] Defendants' motion for summary judgment does not challenge the objective component of plaintiff's claims. Defendants assume that plaintiff's shingles constituted a serious medical condition. (ECF No. 246, PageID.2294).

> significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted).

"An inmate's disagreement with the testing and treatment he has received does not rise to the level of an Eighth Amendment violation. Nor does a desire for additional or different treatment suffice to support an Eighth Amendment claim." *Rhinehart*, 894 F.3d at 740 (citations and quotations omitted). "A disagreement with a course of medical treatment does not rise to the level of a federal constitutional claim under the Eighth Amendment." *Id.* at 744. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims that sound in state tort law. *Id.* at 753.

Plaintiff has not presented evidence sufficient to support the subjective component of an Eighth Amendment claim for deliberate indifference to serious medical needs. The record shows that Nurses Slusher, Croll, and Byrne treated plaintiff and displayed no deliberate indifference. The claims that defendants "should have" provided him with "different" medical care are, at best, state-law malpractice claims.

    C.    <u>Eleventh Amendment Immunity</u>

Defendants argue that plaintiff's claims against them in their official capacities are barred by Eleventh Amendment immunity. (ECF No. 246, PageID.2301-02). The Eleventh Amendment bars suit in federal court against a

state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012).

Plaintiff "takes no issue" with defendants' entitlement to Eleventh Amendment immunity on his claims against them in their official capacities. (ECF No. 253, PageID.2390). Accordingly, I recommend that defendants' motion for summary judgment be granted on all plaintiff's claims against defendants Slusher, Croll, and Byrne in their official capacities.

D.  Qualified Immunity

1.  Applicable Standard

Defendants also argue that they are entitled to summary judgment on the basis of qualified immunity. (ECF No. 246, PageID.2300-01). "Once [an] official[ ] raise[s] the qualified immunity defense, the plaintiff bears the burden to 'demonstrate that the official [is] not entitled to qualified immunity.' " *LeFever v. Ferguson*, 645 F. App'x 438, 442 (6th Cir. 2016) (quoting *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)).

"A government official sued under section 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was

clearly established at the time of the challenged conduct." *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014); *see Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015). The first prong of qualified immunity analysis is whether the plaintiff has alleged facts showing that defendant's conduct violated a constitutional or statutory right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong is whether the right was "clearly established" at the time of the defendant's alleged misconduct. *Id.* Trial courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A qualified immunity defense can be asserted at various stages of the litigation, including the summary judgment stage. *See English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994). The qualified immunity inquiry at the summary judgment stage is distinguished from the Rule 12(b)(6) stage in that generalized notice pleading no longer suffices, and the broader summary judgment record provides the framework within which the actions of each individual defendant must be evaluated. At the summary judgment stage, "the plaintiff must, at a minimum, offer sufficient evidence to create a 'genuine issue of fact,' that is, 'evidence on which a jury could reasonably find for the plaintiff.' " *Thompson v. City of Lebanon, Tenn.*, 831 F.3d 366, 370 (6th Cir. 2016).

In *Brosseau v. Haugen*, the Supreme Court examined the underlying purpose of the requirement that the law be clearly established:

> Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, misapprehends the law governing the circumstances she confronted. . . . Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at the time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation.

543 U.S. 194, 198 (2004); *see also Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) ("The dispositive question is whether the violative nature of the particular conduct is clearly established.") (citation and quotation omitted); *City & County of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) ("An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in his shoes would have understood that he was violating it, meaning that existing precedent placed the statutory or constitutional question beyond debate.") (citations and quotations omitted). "This demanding standard protects all but the plainly incompetent or those who knowingly violate the law." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (citation and quotation omitted). Qualified immunity is an immunity from suit rather than a mere defense to liability. *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2019 (2014).

The Supreme Court has repeatedly held that the second prong of the qualified immunity analysis " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' " *Brosseau v. Haugen*, 543 U.S. at 198 (quoting *Saucier v. Katz*, 533 U.S. at 201); *see City of Escondido, Calif. v. Emmons*, No. 17-1660, __ U.S. __, 2019 WL 113027, at *2 (U.S. Jan. 7, 2019). Moreover, courts are

"not to define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 134 S. Ct. at 2023 (citations and quotations omitted); *see* W*hite v. Pauly*, 137 S. Ct. 548, 552 (2017).

"The burden of convincing a court that the law was clearly established 'rests squarely with the plaintiff.' " *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999) (quoting *Cope v. Heltsley*, 128 F.3d 452, 459 (6th Cir. 1997)); *see Stevens-Rucker v. City of Columbus, Ohio*, 739 F. App'x 834, 839 (6th Cir. 2018) ("Plaintiff bears the burden of showing that defendants are not entitled to qualified immunity."). The burden applies to each claim. *See Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015).

      2.    Analysis

Defendants are also entitled to summary judgment on plaintiff's claims for damages against them in their individual capacities on the basis of qualified immunity. Plaintiff has not presented evidence sufficient to satisfy the first prong of the qualified immunity analysis on those claims for the reasons stated in section I(B).

The second prong of the qualified immunity analysis must be undertaken in light of the specific context of the case, not as a broad general proposition. *See City of Escondido*, 2019 WL 113027, at *2; *Brosseau*, 543 U.S. at 198. It was plaintiff's burden to convince the Court that the law was clearly established in May 2015, when

defendants acted.[6]  *See Johnson*, 790 F.3d at 653.

The two cases invoked by plaintiff, *Horn v. Madison Cty. Fiscal Court*, 22 F.3d 653 (6th Cir. 1994) and *Coates v. Jurado,* No. 12-15529, 2015 WL 5016850 (E.D. Mich. Aug. 13, 2015), *adopted in part and rejected in part*, 2015 WL 5719666 (E.D. Mich. Sept. 30, 2015) (ECF No. 253, PageID.2391) did not clearly establish the right he claims defendants violated.  In *Horn*, the Sixth Circuit addressed a claim of deliberate indifference to a juvenile detainee's serious psychological needs in violation of his Fourteenth Amendment rights under the Due Process Clause.  22 F.3d at 660. The plaintiff attempted suicide and suffered brain damage which left him confined to a wheelchair.  *Id.* at 656.  Among other things, the Sixth Circuit rejected the plaintiff's inadequate training theory, finding, at worst, the lack of training was "mere negligence."  *Id.* at 661.  *Coates* could not clearly establish the right plaintiff claims that plaintiff claims defendants violated in May 2015, because the magistrate judge did not enter her unpublished report and recommendation until August 13, 2015.

## II.    Lack of Service of Process for Defendant Unknown Schultz

All plaintiff's claims against defendant Unknown Schultz should be dismissed for failure to achieve service of process. This lawsuit has been pending for almost three years and this defendant has never been served with process or otherwise

---

[6] "Ordinarily, a Supreme Court or Sixth Circuit decision on point is necessary." *Carver v. City of Cincinnati*, 474 F.3d 283, 287 (6th Cir. 2007).  "Existing precedent must place the unlawfulness of the particular action beyond debate."  *City of Escondido*, 2019 WL 113027, at *3 (citation and quotation omitted).

appeared.  Accordingly, I recommend that all plaintiff's claims against defendant Schultz be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.  This report and recommendation serves as plaintiff's notice of impending dismissal.  *See Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004); *accord Reynosa v. Schultz*, 282 F. App'x. 386, 393-94 (6th Cir. 2008).

### Recommended Disposition

For the reasons set forth herein, I recommend that the Court dismiss all plaintiff's claims against defendant Schultz without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure for failure to achieve service.  This report and recommendation serves as plaintiff's notice of impending dismissal.

I further recommend that the Court grant the motion for summary judgment by defendants Slusher, Croll, and Byrne on all plaintiff's claims against them (ECF No. 245).

Dated:   January 21, 2019                    /s/   Phillip J. Green
                                             PHILLIP J. GREEN
                                             United States Magistrate Judge

### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.   28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).   General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).