UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KITCHEN #189265,

    Plaintiff,                             Hon. Paul L. Maloney

v.                                         Case No. 1:16-cv-190

CORIZON HEALTH, INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 329). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this matter terminated.

## BACKGROUND

Plaintiff initiated this action alleging various claims related to his alleged failure to receive adequate medical treatment. (ECF No. 40). At this juncture, most of Plaintiff's claims have been dismissed. (ECF No. 10-11, 16-17, 160, 163, 213, 261). Specifically, the only claims remaining in this matter are that Defendants Croll, Byrne, Slusher, Schultz, and Doyle violated Plaintiff's Eighth Amendment rights by failing to properly treat an episode of shingles located on Plaintiff's face, which affected his vision. Plaintiff also alleges that the failure by Defendant Doyle to properly treat his shingles constitutes intentional infliction of emotional distress under Michigan law. The undersigned previously recommended that Plaintiff's claims against Croll, Byrne, Slusher, and Schultz be dismissed. (ECF No. 261). The objections to this

recommendation are presently pending before the Honorable Paul L. Maloney. Defendant Doyle now moves for summary judgment.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

### I.    Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations that occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Thus, the objective component is satisfied where a prisoner receives no treatment for a serious medical need. *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). If, however, the prisoner "has received on-going treatment for his condition and claims that this treatment was inadequate," he must demonstrate that his care was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Ibid.*

If the prisoner satisfies the objective component, he must then demonstrate that the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847). To satisfy this part of the analysis,

the prisoner must demonstrate that the defendant acted with "deliberateness tantamount to intent to punish." *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005).

To the extent, however, that a prisoner simply disagrees with the treatment he received, or asserts that he received negligent care, summary judgment is appropriate. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation").

Interpreted in a light most favorable to Plaintiff, the evidence before the Court reveals the following. Plaintiff was examined by Defendant Doyle on June 2, 2015. (ECF No. 288-1, PageID.2629-33; ECF No. 330-1, PageID.2785-87; ECF No. 335-1, PageID.2803-05). Plaintiff's shingles condition was already being treated with multiple medications. (ECF No. 288-1, PageID.2629-33; ECF No. 330-1, PageID.2785-87). After examining Plaintiff, Dr. Doyle concluded that Plaintiff "was not experiencing an active reoccurrence of his herpetic infection" and, therefore, did not require treatment with additional medications. (ECF No. 288-1, PageID.2629-33; ECF No. 330-1,

PageID.2785-87). The doctor did, however, authorize Plaintiff to wear sunglasses "at all times" due to "severe light sensitivity." (ECF No. 288-1, PageID.2632; ECF No. 335-1, PageID.2804). Plaintiff was again examined by Defendant Doyle on June 30, 2015. (ECF No. 288-1, PageID.2639-41). Following this examination, the doctor again decided to not modify Plaintiff's then-current medication regimen. (*Id.*).

On November 3, 2015, Plaintiff was again examined by Dr. Doyle. (ECF No. 288-1, PageID.2643-46; ECF No. 330-1, PageID.2786; ECF No. 335-1, PageID.2804-05). The doctor concluded that Plaintiff's condition was "stable" without evidence of "an active herpetic episode" or "cornea ulcer." (ECF No. 288-1, PageID.2643; ECF No. 330-1, PageID.2786). Nevertheless, as a "proactive" measure, the doctor prescribed eye drops for Plaintiff. (ECF No. 288-1, PageID.2643; ECF No. 330-1, PageID.2786). Following a December 1, 2015 examination, Dr. Doyle continued Plaintiff on his then-current medications, including the previously prescribed eye drops. (ECF No. 288-1, PageID.2650-51).

The evidence does not support any argument that Plaintiff was denied treatment. Rather, as Plaintiff makes clear in his pleadings, he simply disagrees with Defendant Doyle's judgment and treatment decisions. Plaintiff may disagree with Defendant's medical judgment and treatment decisions and even consider such to constitute malpractice, however, such fails to implicate the Eighth Amendment. Furthermore, Plaintiff cannot demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental

fairness." Accordingly, the undersigned recommends that Defendant Doyle is entitled to summary judgment as to Plaintiff's Eighth Amendment claims.

## II. Intentional Infliction of Emotional Distress

To prevail on a claim of Intentional Infliction of Emotional Distress (IIED), Plaintiff must establish the following elements: (1) defendant's extreme and outrageous conduct; (2) defendant's intent or recklessness; (3) causation; and (4) the severe emotional distress of the plaintiff. *Ghannam v. Weiss*, 2013 WL 3025143 at *1 (Mich. Ct. App., June 18, 2013). In the context of an IIED claim, "extreme and outrageous conduct" has been defined as conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Yost v. Paychex, Inc.*, 1998 WL 1989811 at *16 (Mich. Ct. App., Sept. 29, 1998).

As discussed above, the evidence reveals that Plaintiff received medical care, but simply disagrees with Defendant's medical judgment and treatment decisions. Such is insufficient to maintain a claim for intentional infliction of emotional distress. *See, e.g., Jones v. Muskegon County*, 625 F.3d 935, 948 (6th Cir. 2010) (negligent or deficient medical care does not rise to the level of extreme and outrageous conduct necessary to maintain an intentional infliction of emotional distress claim). Accordingly, the undersigned recommends that Defendant Doyle is entitled to summary judgment as to Plaintiff's claim of intentional infliction of emotional distress.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment, (ECF No. 329), be granted. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

    Respectfully submitted,

Date: March 9, 2020    /s/ Phillip J. Green
    PHILLIP J. GREEN
    United States Magistrate Judge