UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANDREW KITCHEN, )
#189265, )
    Plaintiff, )
) No. 1:16-cv-190
-v- )
) HONORABLE PAUL L. MALONEY
ANTHONY CROLL, et al., )
    Defendants. )
)

## OMNIBUS ORDER

    This is a civil rights action brought by state prisoner Michael Kitchen pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Kitchen's objections to two Report and Recommendations ("R&Rs") issued by Magistrate Judge Phillip J. Green, as well as four appeals on non-dispositive matters decided by Magistrate Judge Green. For the reasons to be stated, the Court will overrule all objections, adopt the R&Rs as the opinions of the Court, and affirm all of Magistrate Judge Green's opinions.

### Report and Recommendations

**I.    Legal Framework**

    With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II.   Analysis

   a.  January 13, 2019 R&R

On January 13, 2019, Magistrate Judge Green issued an R&R denying Kitchen's motion for an interlocutory appeal (ECF No. 259). Kitchen timely filed an objection (ECF No. 262). Kitchen asserts that the Court should certify an interlocutory appeal under 28 U.S.C. § 1292(b) because it will present issues of first impression regarding the discovery dispute over his medical records—which ultimately led to the dismissal of Defendant Corey Grahn. The Court previously detailed the discovery brouhaha in its prior Opinion and Order (ECF No. 213), which adopted the magistrate judge's recommendation that Grahn's motion to dismiss under Rule 37 be granted.

The magistrate judge now recommends denying Kitchen's motion for an interlocutory appeal because § 1292(b) "should be sparingly applied and is to be used only

in exceptional cases." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013). The magistrate judge also noted that Kitchen's only purported issue of first impression arose in his reply brief and not anywhere in his initial motion for an interlocutory appeal.

Here, Kitchen makes three related points: (a) he argues that his case is exceptional because it "involves the Court's application of the Health Insurance Portability & Accountability Act" to prisoner litigation"; (b) he asserts that the magistrate judge's conclusion that he did not raise an issue of first impression arose from only a hyper-technical reading of his motion; and (c) he asserts the magistrate judge should have considered his clarifying statement, which purportedly identified the issue of first impression presented by HIPA in greater detail.

The Court has reviewed de novo Kitchen's objections and concludes that they lack merit considering the reasons for dismissal of Defendant Grahn detailed in the Court's prior opinion. (ECF No. 213.) While Kitchen remains free to press his theory regarding HIPA on any eventual appeal once a final judgment enters, the Court does not discern any need for an interlocutory appeal. Accordingly, the objection will be overruled, the R&R will be adopted as the opinion of the Court, and Kitchen's motion for an interlocutory appeal will be denied.

### b. January 21, 2019 R&R

On January 21, 2019, Magistrate Judge Green issued an R&R recommending that Defendants Slusher, Croll, and Byrne's motion for summary judgment (ECF No. 245) be granted and recommending that Defendant Schultz be dismissed for failure to achieve

service (ECF No. 261). Kitchen timely objected (ECF No. 284), and Defendants timely responded (ECF No. 290).

Kitchen brings seven objections to the R&R, none of which have merit. First, he objects to the R&R's finding that his complaint was not verified. A complaint is verified if it is signed under penalty of perjury. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008). Kitchen's complaint was not signed under penalty of perjury, so it was not verified. There is no error in the R&R here, so this objection will be overruled.

Next, Kitchen objects to the R&R's finding that he initially did not report pain in his right eye. On the Court's review of the record, this finding is supported by Defendant Slusher's testimony (*See* ECF No. 246-2 at PageID.2307) and Kitchen's medical records (*Id.* at PageID.2310). Therefore, this objection will be overruled.

Kitchen's third objection argues that the R&R erred in finding that Defendant Slusher contacted Defendant Grahn about Kitchen's condition. This finding is supported by the record: Defendant Slusher testified that she contacted Defendant Grahn and reported her observations about Kitchen's condition (*Id.* at PageID.2308). This objection will be overruled.

Kitchen next objects to the R&R's finding that nurses do not diagnose medical conditions, arguing that there is no evidence in the record to support this conclusion. But three of the Defendant-nurse's affidavits explain that they do not regularly diagnose medical conditions (*See* ECF Nos. 246-2, 246-3, and 246-4), so this finding is supported by the record. This objection will be overruled.

Kitchen's fifth objection takes issue with the R&R's statement that he failed to file a Rule 56(d) affidavit in support of his request for discovery, but in the same paragraph, Kitchen explains why he did not file the affidavit. By Kitchen's own admission, the R&R's statement of fact is correct: Kitchen never filed a Rule 56(d) affidavit. This objection will be overruled.

Kitchen's sixth objection argues that the R&R erred by finding that Kitchen failed to present sufficient evidence to support the subjective component of his Eighth Amendment claim. Kitchen supports this position by arguing that he should be allowed more time to complete discovery. This objection fails for the same reason as the previous objection: Kitchen has not filed a Rule 56(d) affidavit explaining specific reasons justifying his need for additional discovery. Further, Kitchen has had ample opportunity for discovery in this case: the discovery period has been extended twice (*See* ECF Nos. 164, 214). Kitchen has not shown that he is entitled to a third discovery extension, so this objection will be overruled.

Finally, Kitchen argues that Defendants are not entitled to qualified immunity. However, Kitchen does not point to a specific error in the R&R on this point, instead relying on the previous six objections and his own allegations. Therefore, the court need not review the objection. See *Mira,* 806 F.2d at 637. Regardless, on the Court's review of the record, the R&R properly determined that Defendants were entitled to qualified immunity. This objection will be overruled.

### III.  Conclusion

For these reasons, all objections will be overruled, and both R&Rs will be adopted as the opinions of the Court. Kitchen's motion for an interlocutory appeal will be denied,

Defendants Slusher, Croll, and Byrne's motion for summary judgment will be granted, and Defendant Schultz will be dismissed for failure to achieve service.

## Appeals to District Judge

### I. Legal Framework

While Kitchen styles some of these filings as "objections," they are more appropriately considered as appeals to a district judge on non-dispositive matters under 28 U.S.C. § 636(b)(1)(A). *See also* W.D. Mich. LCivR 72.3(a). Such orders are reviewed under a "clearly erroneous" standard. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). Legal conclusions are set aside if they are contrary to law. *Id.* An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. Winsper*, No. 3:08-CV-631-H, 2013 WL 5673617 at *1 (W.D. Ky. Oct. 17, 2013)) (quotation marks omitted).

### II. Analysis

Kitchen has filed four such appeals, which the Court will take up in the order they were filed.

#### a. ECF No. 274

Kitchen's first appeal (ECF Nos. 274, 285)[1] is from the magistrate judge's Memorandum Opinion and Order deciding several of Kitchen's discovery motions (ECF No. 260). Defendant Grahn responded to Kitchen's appeal (ECF No. 289).

---

[1] It is unclear why Kitchen filed his appeal twice, but the documents are substantively identical.

First, Kitchen filed a motion to "Compel the Release of Information from and Depose Attorney Ronald Chapman." The gist of this motion was that Chapman allegedly lied to the Court in his defense of his client, Grahn, and Kitchen sought to depose him or otherwise establish the factual basis for Chapman's assertion. However, the magistrate judge concluded that Kitchen had not established any foundation for ordering relief against Chapman arising out of his representation of Grahn. In this appeal, Kitchen once again raises the idea that he was not required to obtain a non-prisoner witness signature on his medical authorization and that Chapman lied by representing otherwise to the Court. But no matter how many times Kitchen raises this argument, it is destined to fail. The Court has already affirmed the magistrate judge's recommendation that Grahn be dismissed because Kitchen flouted the magistrate judge's order that he sign the release of his medical records without making any modifications as to the scope of the release. (*See* ECF No. 153 at PageID.1680; ECF No. 213 at PageID.2132.) Ultimately, Kitchen has not demonstrated how the magistrate judge's ruling in denying his motion to compel the deposition or release of information by Chapman was erroneous or contrary to law. This portion of the appeal will be denied.

Next, the magistrate judge denied Kitchen's motion to enforce two record subpoenas identifying Warden Carmen Palmer. In his first subpoena, Kitchen sought "copies of messages, communications, and/or log book entries made in log books, computer terminals, files, or the like at the Michigan Reformatory about Michael A. Kitchen between 5/22/15 – 6/12/15." The magistrate judge denied the motion to enforce this subpoena as moot because it expired months before Kitchen filed his motion to compel. Despite Kitchen's arguments to the contrary, once the time for production passed, the subpoena no longer had any effect.

7

By the time Kitchen filed his motion to enforce the subpoena several months later, the issue was moot. Thus, this portion of the appeal will be denied.

In the second subpoena, Kitchen sought access to computer records to discover whether Defendant Slusher looked at pictures of individuals with shingles using another staff member's password. Kitchen argues that Magistrate Judge Green improperly considered whether the subpoena subjected its recipient, Warden Palmer, to undue burden or expense, because the MDOC did not raise that argument to the court. However, Fed. R. Civ. P. 45(d)(1) specifically charges the court with enforcing the duty to avoid imposing undue burden or expense on persons subject to subpoenas. Therefore, Magistrate Judge Green properly considered the burden on Warden Palmer and the irrelevance of Kitchen's request, and properly denied Kitchen's motion. This portion of the appeal will be denied.

Kitchen's third appeal is from the denial of his motion to compel Defendant Slusher to provide a more substantive response to interrogatory #5. Defendant Slusher has already provided a supplemental answer to this interrogatory (*See* ECF No. 250-3). Kitchen has not raised any specific objection to this supplemental answer, so this portion of his appeal will be denied.

Next, Kitchen argues that the magistrate judge improperly denied his motion to compel Defendants Slusher, Croll, and Byrne to respond to his fourth set of interrogatories. These Defendants have since replied to this set of interrogatories ECF No. 248). Thus, this portion of the appeal is moot and will be denied.

Magistrate Judge Green also denied Kitchen's motion for sanctions against the MDOC Defendants for "improperly accessing his medical records." As the magistrate judge

8

recognized, Kitchen waived any privileges or protection the medical records had by placing them at issue in this lawsuit. Kitchen has not demonstrated error any error made by counsel in accessing the medical records. This portion of the appeal will be denied.

Finally, Kitchen moved to "voir dire" Magistrate Judge Green, which Magistrate Judge Green denied because no such procedure exists. Kitchen does not challenge this point on appeal; he merely reiterates his request to "voir dire" the magistrate judge. The process still does not exist, so this portion of the appeal will be denied.

None of the appeal has merit, so it will be denied and the magistrate judge's opinion (ECF No. 260) will be affirmed.

### b. ECF No. 301

As background for the remainder of this opinion: On January 21, 2019, the Court ordered Defendant Dr. Doyle to file an answer to Kitchen's first amended complaint within 21 days (ECF No. 260). However, Dr. Doyle did not file his answer until March 14, 2019, because an attorney representing Dr. Doyle in another lawsuit was unaware of the present matter until March 13, 2019. Kitchen has fixated on the involvement of Attorney Barbara Kennedy, who was retained by Dr. Doyle's insurance carrier in August of 2018. Kennedy has not ever represented Dr. Doyle, and she was not involved in this case in early 2019. But Kitchen maintains that Kennedy was aware of this lawsuit in early 2019, so Dr. Doyle should have timely answered.

Kitchen's second appeal (ECF No. 301) stems from the magistrate judge's Order deeming Dr. Doyle's answer timely, dismissing Kitchen's motion to strike Dr. Doyle's answer

as moot, and dismissing Kitchen's motion to strike Dr. Doyle's motion for summary judgment as moot (ECF No. 299).

Kitchen takes issue with the magistrate judge's order for several reasons. First, he alleges that Magistrate Judge Green did not have the authority to decide a motion for default judgment. However, Kitchen did not move for default judgment (nor could he have, as default was not entered); he moved to strike Dr. Doyle's pleadings (*See* ECF No. 287). A motion to strike is a nondispositive motion, so it was properly decided by the magistrate judge. W.D. Mich. LCivR 7.2(a), 7.3(a). This portion of the appeal will be denied.

Next, Kitchen argues that the magistrate judge clearly erred in finding that Dr. Doyle's counsel did not have notice of the case against him until March 13, 2019. Kitchen relies on his assertions that he informed Kennedy of the case against Dr. Doyle. However, Kennedy did not and does not represent Dr. Doyle; she was retained by Dr. Doyle's insurance carrier and she made clear to Kitchen that she was not authorized to receive service on Dr. Doyle's behalf (*See* ECF No. 257-1). Further, Kitchen's communications with Kennedy were well before the Court's January 2019 order. Therefore, Kitchen's assertions regarding Kennedy have no bearing on whether Dr. Doyle had notice of the case against him between January 21, 2019 and March 13, 2019. Magistrate Judge Green's finding was not clearly erroneous, so this portion of the appeal will be denied.

Finally, Kitchen argues that since it was "clear" that Dr. Doyle received timely notice, the magistrate judge's decision on Kitchen's motions must be found to be contrary to law. Given that the court disagrees with Kitchen's assertion of timely notice, this argument is meritless. This portion of the appeal will be denied.

There are no errors in the magistrate judge's opinion (ECF No. 299), so the appeal will be denied, and the opinion will be affirmed.

### c. ECF No. 316

Kitchen's third appeal (ECF No. 316) is from the magistrate judge's Order granting Dr. Doyle's emergency motion to quash subpoena (ECF No. 312).

Kitchen moved to subpoena Kennedy to determine whether she was aware of the Court's Order requiring Dr. Doyle to file an answer to Kitchen's first amended complaint before March 13, 2019. Doyle moved to quash that subpoena, and the magistrate judge granted the motion ex parte, finding that all the information Kitchen sought was either subject to attorney-client privilege or unduly burdensome.

Kitchen's first argument on appeal is that no information he seeks under the subpoena is subject to attorney-client privilege. However, Kitchen sought to depose Kennedy regarding, essentially, who she represented and what the scope of that representation was. Kennedy sought production of "any and all documents" relating to her representation of Doyle. This is squarely the type of information protected by attorney-client privilege, which protects the confidentiality of communications between attorney and client made for the purpose of obtaining legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). This portion of the appeal will be denied.

Kitchen next contends that his subpoena did not impose an undue burden on Kennedy because it is relevant to his motion to strike Dr. Doyle's answer. This argument fails for two reasons: first, the Court has already affirmed the magistrate judge's decision on Kitchen's motion to strike; and second, because the motion to strike is tangential at best to

11

the medical indifference claims at the core of this lawsuit. Kennedy's involvement (or lack thereof) is no longer relevant to Kitchen's claims. This portion of the appeal will be denied.

Kitchen's third argument is that he should have been given a chance to respond to the motion to quash, so the order deciding the motion was premature. Given that Kennedy's deposition was scheduled to occur prior to Kitchen's response deadline, and that Kitchen had already fully briefed his reasons for wanting to depose Kennedy, the court finds no error in Magistrate Judge Green's consideration of the motion on an ex parte basis.

Finally, Kitchen requests an evidentiary hearing to call Kennedy to testify. Again, given that the Court finds that Kennedy's involvement is irrelevant, this request will be denied.

There are no errors in the magistrate judge's opinion (ECF No. 312), so the appeal and request for an evidentiary hearing will be denied, and the opinion will be affirmed.

### d. ECF No. 334

Kitchen's fourth appeal (ECF No. 334) is from the Magistrate Judge's Order denying Kitchen's motion for reconsideration of the order declaring Dr. Doyle's answer timely (ECF No. 312).

Kitchen presents a letter written by Kennedy on November 4, 2019 in support of his argument that Dr. Doyle was aware of the case before March 13, 2019. On the Court's review of the letter (ECF No. 327-1), there is no indication that Kennedy ever represented Dr. Doyle, so the letter is irrelevant here. There is no indication, in the letter or elsewhere in the record, that Dr. Doyle was aware of the case against him before March 13, 2019. Therefore, there is no "palpable error" in the Magistrate Judge's denial of Kitchen's motion for

Case 1:16-cv-00190-PLM-PJG   ECF No. 337 filed 03/26/20   PageID.2826   Page 13 of 14

reconsideration, and this appeal is meritless. The appeal will be denied, and the order affirmed.

### III. Conclusion

Each of Magistrate Judge Green's R&Rs, opinions, and orders are sound, while Kitchen's arguments are repetitive and meritless. The Court will affirm and adopt all of Magistrate Judge Green's decisions as its own.

### ORDER

**IT IS ORDERED** that the January 13, 2019 R&R (ECF No. 259) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the R&R (ECF No. 262) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an interlocutory appeal (ECF No. 218) is **DENIED**.

**IT IS FURTHER ORDERED** that the January 21, 2019 R&R (ECF No. 261) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the R&R (ECF No. 284) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants Byrne, Croll, and Slusher's motion for summary judgment (ECF No. 245) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Schultz is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's appeals (ECF Nos. 274, 301, 316, 334) are **DENIED**.

**IT IS FURTHER ORDERED** that the magistrate judge's opinions (ECF Nos. 260, 299, 312, 333) are **AFFIRMED.**

**IT IS SO ORDERED.**

**Date:** March 26, 2020                                                /s/ Paul L. Maloney
                                                                                            Paul L. Maloney
                                                                                            United States District Judge