UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KITCHEN, #189265, )
    Plaintiff, )
     )   No. 1:16-cv-190
-v- )
     )   HONORABLE PAUL L. MALONEY
CORIZON HEALTH, INC., et al., )
    Defendants. )
     )

## ORDER

This is a civil rights action brought by state prisoner Michael Kitchen pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Kitchen's objections to a Report and Recommendation ("R&R") issued by Magistrate Judge Phillip J. Green (R&R ECF No. 336; Objections ECF No. 338). For the reasons to be stated, the Court will overrule the objections and adopt the R&R as the opinions of the Court.

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the district court need not provide de novo review where the objections are frivolous, conclusive,

or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Kitchen brings several objections to the R&R, which the Court will address in the order presented. First, his procedural objections: Kitchen argues that Magistrate Judge Green intentionally deprived him of due process when this case closed and reopened in early 2019. The case was closed because Kitchen did not timely file objections to an earlier R&R, but the Court reopened the case when Kitchen credibly asserted that he did not timely receive a copy of that R&R (*see* ECF No. 273). The issue had nothing to do with Magistrate Judge Green, and the issue has been resolved with no bearing on the present R&R. This objection is overruled.

Next, Kitchen asserts that the Court has been ignoring his objections to a different R&R for over a year. Those outstanding objections were resolved on March 26, 2020 (*see* ECF No. 337). This also has no bearing on the present R&R, and this objection is overruled.

Substantively, Kitchen argues that Magistrate Judge Green's findings of fact are clearly erroneous. First, he argues that Magistrate Judge Green states that Kitchen was being treated with multiple medications for shingles; Kitchen argues that he was only being treated with

one medication. That assertion is belied by the medical records Kitchen himself provided (*see* ECF No 288-1), which show that Kitchen had been prescribed at least six different medications (*Id.* at PageID.2629). The Court finds no error in the R&R on this issue.

Next and finally, Kitchen objects to several facts being "left out" of the R&R: a diagnosis of a corneal ulcer in June 2015, and a note in his file on the same date stating, "will treat with meds." The core of Kitchen's objection here is that Dr. Doyle's failure to prescribe him medication for this ulcer creates a violation of the Eighth Amendment, and Magistrate Judge Green's failure to include these two facts is fatal. The Court disagrees. Kitchen must do more than disagree with the treatment he received to bring an Eighth Amendment claim: "[W]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Graham ex rel. Estate of Graham v. County of Washtenaw,* 358 F.3d 377, 385 (6th Cir. 2004). Kitchen disagrees with Dr. Doyle's judgment and treatment decisions; that is insufficient to implicate the Eighth Amendment. Magistrate Judge Green's failure to include every detail of Kitchen's medical file does not change this conclusion. Kitchen's objection is meritless, and accordingly, is overruled.

## ORDER

**IT IS ORDERED** that the March 9, 2020 R&R (ECF No. 336) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the R&R (ECF No. 338) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 329) is **GRANTED.**

Judgment to follow.

**IT IS SO ORDERED.**

Date: August 21, 2020 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge